ROGERS v. THE CHICAGO & NORTHWESTERN R. R. CO.

Railroad: STOCK KILLED IN TOWN: ACT OF 1862. Under the construction given to the act of 1862, chapter 169, section 6, in the case of *Davis* v. *The Burlington & Mo. River R. R. Co.*, immediately preceding the present one, a railroad company was held not liable under said act for stock killed within the limits of a town, and getting on the track at a street crossing thereof, where the same was not fenced.

*Appeal from Tama District Court.*

WEDNESDAY, APRIL 7.

PLAINTIFF claims double the value of a horse killed by defendant's locomotive, in the town or village of Oxford. The road was constructed before the town was laid off, and runs east and west through what is now the most densely settled portion of it. The strip running through the town, upon which is found the railroad track, seems to be wide enough, and designed to afford room for teaming and driving on each side thereof. The side track extends from the east, the length of three and a half blocks, and within one hundred and fifty feet of Madison street. This latter, with four others, crosses the track from north to south; the depot being between the north side and main track, and about the centre east and west. A large portion of the lots on the north, and side adjoining the track, are built upon, some being used as dwellings, and others as business houses. The road is fenced to the town limits, but not within the same. The horse got upon the road at the Madison street crossing, ran west along the track one square, to Vine street, and was there killed.

Upon these facts the court instructed the jury, "that if the horse was killed in the town plat of Oxford, but

not on the depot grounds, or within the switches, and not on any street crossing, and the road was not fenced, their verdict should be for plaintiff, for double the value." An instruction asked by defendant, embodying the proposition that the company would not be liable, under the statute, for failure to fence, within the limits of the town, situated and traversed by the road, as this was, being refused, there was verdict for plaintiff, exceptions duly taken, and defendant appeals.

*Hubbard & Belt* for the appellant.

*Stivers & Cory* for the appellee.

WRIGHT, J. — In principle this case is "on all fours," with that immediately preceding (*Davis* v. *B. & M. R. R. Co*). The argument there made we will not repeat. Following the construction there given of the statute, this judgment is erroneous, and must be

Reversed.