GILMAN v. THE SIOUX CITY & PACIFIC R'Y CO.

1. **Practice**: TAKING CASE FROM JURY: PLEADING NOT SUSTAINED BY EVIDENCE.   Where the ground of action as stated in the petition is not supported by the evidence, the court may properly take the case from the jury and dismiss the cause upon defendant's motion.

2. **Railroads**: DUTY IN REGARD TO STOCK RUNNING AT LARGE.   A railroad company is under no obligation to provide places for stock to leave its track.

*Appeal from Woodbury Circuit Court.*

SATURDAY, DECEMBER 8.

ACTION for damages alleged to have been sustained by the plaintiff, by reason of the killing of a horse by the defendant in the operation of its road.   The petition contains two counts. In the first the plaintiff claims double damages.   In the second he claims single damages.   A jury was called, and the plaintiff's evidence was introduced, when the defendant made a motion to dismiss the plaintiff's action, which motion the court sustained.   The plaintiff appeals.

*Geo. M. Pardoe* and *Geo. W. Wakefield,* for appellant.

*Joy & Wright,* for appellee.

ADAMS, J.—I.   The plaintiff, in his first count, avers that the horse was killed where the defendant had a right to fence, but had not fenced, and claims the right to recover upon this ground, though the company was not otherwise guilty of negligence.   His action in this respect is predicated upon section 1289 of the Code.   This section gives a right of recovery for injury to stock running at large, if injured by reason of the want of a fence.   The petition contains no averment that the horse was running at large, and no express averment that he was killed by reason of the want of a fence.   We find in the plaintiff's reply, however, that the horse was running at large; and from the averment in the petition that the horse was killed where the defendant had a right to fence, but had not fenced, it should be inferred, perhaps, that he was killed by reason of the want of a fence.

Whatever we might think of the sufficiency of the pleadings, we have to say that the action does not appear to have been dismissed upon the supposition that they were insufficient, but for lack of evidence, and we refer to the petition only as it may bear upon the question of evidence.

It is not easy to say precisely what the evidence shows or fails to show respecting the locality of the injury.   It shows, we think, that the horse, shortly prior to the injury, was in a pasture crossed by the defendant's track, and that the track was not fenced.   It shows also, we think, that the horse entered upon the track in the pasture, but was killed thirty or forty rods from where he entered upon the track, but where that was we cannot say.   We infer that it was outside of the pasture.   The evidence tends to show that the horse, after he entered upon the track, was driven by the approaching train northward along the track thirty or forty rods, and was not struck until he reached a point which is said to be in Floyd

City. There was also evidence tending to show that the pasture enclosed a portion of Floyd City. Whether the place where the horse was killed was in Floyd City or not, we do not deem very material. It might have been in Floyd City, but in a part not platted nor intersected by streets, and where the public had no rights which would prevent the defendant from fencing. If the place was within the tract fenced and occupied as a pasture, perhaps we ought to presume, in the absence of any evidence to the contrary, that the public had no rights that should prevent the defendant from fencing. But the plaintiff's trouble is that it is not shown that the horse was killed inside of the pasture. On the other hand, we infer that he was not. It is true that the defendant averred in his answer that the horse was killed within the pasture, but the plaintiff denied it, and he does not contend that he is entitled to the defendant's averment as an admission. His theory is very obscurely presented, but we understand it to be that the horse, though entering upon the track within the pasture, followed it by running before the engine outside of the pasture, and was struck and killed outside. He offered to show that the company failed to put in a cattle-guard; he did not offer to show that the company failed to put in a cattle guard at the point where the railroad track leaves the pasture. But we suppose that this was the point which the plaintiff had in mind, and that his theory in making the offer was that the horse was killed outside of the pasture by reason of a want of a fence inside, and by the want of a cattle guard, which allowed him to run along the track until he passed outside, where he was struck.

The defendant assigns as error the exclusion of his offered evidence in respect to a cattle guard. But we think that the court did not err in excluding it. It is only by conjecture that we can arrive at the conclusion that the place referred to is where the track leaves the pasture. Besides, conceding that that was the place meant, and that the plaintiff could have shown that for want of a fence the horse entered upon the

track in the pasture and ran before the engine, and for want of a cattle guard passed out and was struck and killed outside of the pasture, the plaintiff would not, under the allegations of his petition in the first count, be entitled to a recovery. He placed his right of recovery in this count, not upon an averment that the horse was killed by reason of a want of a fence, (the statutory ground,) but that the horse was killed where the company had a right to fence, but had not fenced.

If the plaintiff had averred that the horse was killed by reason of a want of a fence, we are not prepared to say that he might not have shown a right of recovery, by showing that the horse, by reason of a want of a fence, entered upon the track inside of the pasture, and ran ahead of the engine along the track, and, by reason of a want of a cattle guard, passed out and was struck and killed outside, even though the place was among the streets of Floyd City. But under his averment we see no evidence introduced or offered upon which he could recover.

II. In the second count, the plaintiff undertakes to plead the negligence of the company. But the facts averred, it appears to us, do not constitute negligence. The facts averred are that the track was so constructed that stock, having once entered upon it, could not when frightened and driven before an engine find a safe and convenient place to leave the track. But we do not think that a railroad company is bound to provide places for stock to leave its track. Where the company has a right to fence, such places must be deemed unnecessary, because the company must fence, in order to shield itself from liability. Where the company has no right to fence, such places would seem to invite stock upon the track, as well as afford a place of escape, and would, to say the least, be of very doubtful utility. We think that the court did not err in taking the case from the jury.

AFFFIRMED.