Coyle v. The Chicago, Milwaukee & St. Paul R'y Co.

1. **Railroads:** RIGHT TO FENCE TRACK WITHIN TOWN OR CITY LIMITS: LIABILITY FOR INJURY TO STOCK.   A railroad company has the same right to fence its right of way over land which lies within the corporate limits of a city or town, but outside of or beyond streets or alleys or other public highways, as if the corporation did not exist, unless, possibly, such right may be controlled by a municipal ordinance; and where a company fails to fence its track at such a place, it becomes liable to the owner of any stock injured or killed by reason of the want of such fence. Code, § 1289,

*Appeal from Jones Circuit Court.*

FRIDAY, DECEMBER 14.

ACTION before a justice of the peace to recover double the value of a calf killed by a train on defendant's road, at a place, as claimed by the plaintiff, where the right to fence existed.

By agreement of the parties, the justice made a finding of facts, and rendered judgment for the plaintiff.   The defendant sued out of the circuit court a writ of error.

The judgment of the justice was affirmed, and the defendants appeal.

*Struble & Kinne*, for appellants.

*Herrick & Doxsee*, for appellee.

SEEVERS, J.—The question we are called on to determine has been certified to us by the trial judge, and is in these

words: "Is it necessary for railroad companies, for the pur-
pose of avoiding the statutory liability for killing stock on
the line of its road within the limits of corporate towns, and
outside of the first street or alley of said town, to fence same
against stock running at large?"

It is provided by statute that "any corporation operating a
railway that fails to fence the same against live-stock running
at large, at all points where the right to fence exists, shall be
liable to the owner of any stock injured or killed by reason
of the want of such fence." Code, § 1289.

If the statute is construed literally, railway corporations
are liable if they fail to fence at any place, except where the
line of the road crosses or encroaches on a highway. But in
*Davis v. B. & M. R. R. Co.*, 26 Iowa, 549, it was held that
the statute should not be so construed, and it was further held
in that case that the right to fence depot grounds did not ex-
ist. In *Rogers v. C. & N. W. R. R. Co.*, 26 Iowa, 558, an
instruction in these words: "that if the horse was killed in
the town plat of Oxford, but not on the depot grounds or
within the switches, and not on any street crossing, and the
road was not fenced, their verdict should be for the plaintiff
for double the value," was held to be erroneous, because "in
principle this case is on all fours" with the case first above
cited. It is insisted by counsel for the appellant that this
case is decisive of that at bar, but we think there are material
differences between the two. In the case last cited, the horse
got on the track at the "Madison street crossing, ran west
along the track one square to Vine street, and was then killed."
The question was whether, under the facts above stated, the
instruction was correct?

The right to fence clearly did not exist at the place where
the horse got on the track, and yet the liability of the de-
fendant was made to depend on the fact that the road was not
fenced within the limits of the town, provided the horse was
not killed on the depot ground, or within the switches, and not
on any street crossing. As applied to the facts in that case, the

ruling made is undoubtedly correct. There is also another distinction between that case and this, which should be mentioned. In the former, the right to fence between the streets of a town or city which are crossed by a railway was involved, while, in the present case, we have the question as to the right to fence outside of or beyond any street or alley, but within the corporate limits. This question has never been determined by this court.

Counsel for the appellant insist that the statute has no reference to incorporated towns, and that it is inoperative except where lands are used for agricultural purposes, where cattle would properly be kept and allowed to run at large. And it is assumed, without evidence to warrant the assumption, we think, that the lands owned by the plaintiff are not used for such purposes. That lands within the limits of an incorporated town may be so used we think is exceedingly probable. But whether this is so or not is, perhaps, not material, because the burden is on the defendant to affirmatively show that the court below erred, and if, therefore, the question to be determined depends upon the fact whether the lands of the plaintiff were not used for agricultural purposes, such fact should either appear in the question propounded to us, or otherwise sufficently appear from the record.

In addition to the question propounded by the court, the record contains the facts found by the justice. Therefrom we ascertain that the plaintiff was the owner of between five and six acres of ground, which abuts on the defendant's right of way; that land in the locality of plaintiff's, and including his, had not been platted as lots and blocks, but consisted of small tracts of from one and one-fourth to eleven acres in extent; that corn was planted on the plaintiff's land the year in which the calf was killed.

We think, under the circumstances above stated—and it must be assumed that the question propounded to us is asked with reference thereto—that the foregoing question must be answered in the affirmative. Indeed, we go a step further,

and hold that a railroad has the right to fence within the corporate limits of a town, when such lands extend beyond streets or other highways. That is, such portion of the corporate territory through which a railway runs as lies outside of or beyond streets or other public highways, may be fenced by the railway company along its right of way, to the same extent and in the same manner as if the municipal corporation did not exist, unless, possibly, there is an ordinance of the town which would control such right.

AFFIRMED.