LONG v. THE CENTRAL IOWA RAILWAY COMPANY.

1. Railroads: FENCING TRACKS IN CITIES AND TOWNS: INJURY TO STOCK. A railroad company has no right to fence its track where it crosses a public street in a city or town, though the street has not actually been opened to public travel; and for the killing of stock on the track at such a place the company is not liable on account of its failure to fence.

*Appeal from Hardin Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION to recover damages for the killing of a horse by a

train of the defendant.   There was a trial by jury, and a verdict and judgment for plaintiff.   Defendant appeals.

*H. E. J. Boardman, J. H. Blair* and *A. C. Daly,* for appellant.

No appearance for appellee.

ROTHROCK, CH. J.—The right of the plaintiff to recover is based solely upon the failure of the defendant to fence its track, and the question in controversy was, whether the defendant had the right to fence its track at the point where the accident happened.   The evidence conclusively shows that the engine struck the animal in a public street in the village of Union.   The court instructed the jury as follows:

"5.   In determining whether the defendant had a right to fence its road-bed or track at the point where the horse was struck, you are to inquire whether it was suitable, fit and proper to so fence at that point.   The defendant would not be required to fence across public streets, nor so as to inclose its depot grounds, to the prejudice or injury of the public, or in such a manner as to impair the value of the use of the grounds and road for the purpose for which it was built.   If it was not fit, suitable, and proper to build a fence at the point complained of; that is, if the public convenience, or the ordinary and reasonable use of the grounds by the public and the defendant, in the transaction of business with and by the defendant, forbade such fences, or, if a public street was laid out, dedicated and platted as such, in such a manner as to render it a public highway, so that it would be unlawful for the defendant to fence, and the injury occurred in consequence of such failure to fence, the defendant would not be liable."

Under this instruction, the verdict should have been for the defendant.   The plaintiff's counsel make no appearance in this court, and, in view of the fact that it is conceded that the horse was struck in a street, we presume they concede there can be no recovery.   The only ground upon which any claim

can be made that the defendant is liable is, that the street in question had not been opened to public travel. It was, however, a street in an addition to the town, duly platted and recorded, and no one had the right to obstruct it with fences because it was not in use by the public. The owner of lots in the platted addition would have an undoubted right to insist that the streets should be kept open. If it were lawful for railroad companies to fence up all streets and alleys which have not been opened for public travel, it would materially effect the value of lots upon such streets, and retard the growth of our cities and towns.

REVERSED.