CASEY v. THE INDEPENDENT DISTRICT OF NUTT ET AL.

1. **School District:** SECOND SCHOOL-HOUSE: DIVISION OF DISTRICT: ENJOINING TAX. An injunction will not lie to restrain the collection of a tax voted to erect a new school-house, on the ground that the independent district already has a school-house, and that it has not divided its territory, as contemplated by section 1725 of the Code, where it is not shown that the district does not need the new house to take the place of the old one, which may have become unfit for school purposes.

2. ———: ERECTION OF SCHOOL-HOUSE: FAILURE TO COMPLY WITH STATUTE: RESTRAINING COLLECTION OF TAX: OBJECTION MADE TOO LATE. Where a school-house has already been erected and a tax voted by the electors to pay for the same, a tax-payer cannot restrain the collection of the tax on the grounds that the board failed to consult with the county superintendent, and that no proposals for the erection of the building were invited, and that the work was not let to the lowest bidder, and that no bonds were required of the contractor.

3. **Practice:** INJUNCTION: NO OPPORTUNITY TO CONTROVERT AFFIDAVITS: OBJECTION TOO LATE. A plaintiff in an injunction case cannot for the first time in this court raise the objection that he had no opportunity to controvert the affidavits made in support of the answer upon which a dissolution was granted.

*Appeal from an order of the Hon. J. D. Giffin, Judge of the District Court of the Eighth Judicial District.*

FRIDAY, OCTOBER 24.

ACTION to enjoin the collection of a tax voted by the directors of the defendant district for the erection of a school-house. An injunction was granted which, on motion, was dissolved, and the plaintiff appeals.

*Struble & Kinne*, for appellant.

*E. T. Langley* and *Stivers & Louthan*, for appellee.

SEEVERS, J.—Omiting formal parts, the material portion of the petition is as follows:

"Par. 5. That there has been situated in said district ever since the organization of said district, and for more than seven years last past, a school-house belonging to said district, and situated in the northeast corner of the southwest quarter of the southwest quarter of section No. twelve, township No. eighty-six, range No. thirteen west 5th P. M., and used for school purposes for said independent district.

"Par. 6. Said school district is composed of a little over six sections of land, and the school building mentioned in paragraph five herein is situated very near the center of said district.

"Par. 7. That no action has been taken by the board of directors dividing the said school district for the purpose of maintaining two schools therein, or designating from what portion of said district scholars should go to the school mentioned in paragraph five of this petition, or from what portion or part of said district the scholars should go to the new school hereafter mentioned.

"Par. 8. That at the annual meeting of the electors of said district, held March 12, 1883, they voted by a majority of one for a tax for a new school-house in said district, voting the sum of $400 for said purpose.

"Par. 9. That said board of directors have begun the erection of a second school building in said district, near the southeast corner of the southwest quarter of section number thirteen, township eighty-six, range thirteen west 5th P. M.,

but have never taken any action fixing said place as a site for a school-house.

"Par. 10. That the said new school-house set out in paragraph nine will cost not less than $400, when completed.

"Par. 11. Said board have not consulted with the county superintendent as to the most approved plan for said building, as required by law.

"Par. 12. That no proposals for the work of erecting said school-house, including furnishing the material therefor, have ever been invited by advertisement in any newspaper published in Tama county, Iowa, (though several papers are published in said county,) as required by law.

"Par. 13. That the work of building and constructing said school-house was not let, as required by law, to the lowest bidder, and no bonds were required from the parties erecting the same.

"Par. 14. That prior to the commencement of the erection of said school building there was only $1.67 in the school-house fund of said district.

"Par. 15. That there are only nineteen children of school age in said independent district.

"Par. 16. That any division of the territory of said independent district would leave one if not both divisions with less than fifteen pupils.

"Par. 17. That the electors, in voting a tax for a new and second school building in said district, acted in violation of law, and said directors, in erecting said building, acted in violation of law.

"Par. 18. That the tax of $400 so voted has been certified up to the auditor of Tama county, Iowa, and has been by him extended on the tax list of said county, and is a lien on the property of petitioner and a cloud on his title."

The defendants answered the petition, and denied the seventh paragraph, and it was affirmatively alleged that the school-house had been erected at a cost of less than $300. Affidavits were filed in support of the answer. The motion to

dissolve the injunction was based on these grounds: *First.* It does not appear that the tax is illegal. *Second.* It does appear that the tax is legally levied and is collectible. *Third.* The facts stated do not entitle the plaintiff to an injunction.

Counsel for the appellant insist that no tax could be voted for the construction of the second building because, *First,* The board of directors of said independent district had made no division of the territory of the district, designating from what portion of the territory scholars should go to the new school-house, and from what portion to the old school-house; *Second,* The site for the new building had not been fixed by the action of the board; and, *Third,* The district did not contain the thirty persons of school age necessary to authorize the voting of a tax for another school-house.

I. The first and third propositions will be considered together. It is assumed that two schools were to be maintained. There is no such allegation in the peti-

1. SCHOOL district : second school-house: division of district: enjoining tax.

tion. For aught that appears, the old school-house may have become unfit by reason of decay, or otherwise unsuitable for school purposes. In their discretion, the electors of the district thought it best to erect a new school-house; and this they could do, unless they exceeded their power. If there was but a single school, all the scholars would have to attend that school, and, conceding that section 1725 of the Code applies to independent districts, the fact that there were but nineteen scholars in the district is immaterial. The third proposition is based on the thought that it was the purpose to maintain two schools. If this was the fact it should have been alleged in the petition.

II. The second proposition, above stated, is explicitly denied in the answer; and in the affidavits filed in support of the answer, it is stated that said house was built where the board of directors determined it should be, and as they directed.

III. It is said the board of directors failed to consult with

Casey v. The Independent District of Nutt et al.

the county superintendent, as required by law, and that no proposals for the erection of said building were invited, as required by law, and that the work was not let to the lowest bidder, and no bonds were required of the parties erecting said building. It is not in terms insisted that these omissions would invalidate the tax, but we assume, from the fact that attention is called thereto, it is intended to so claim. In the omitted portions of the petition it is alleged that the plaintiff is a resident and tax-payer in the district, and it is alleged in the answer that the house has been erected. We are not, therefore, prepared to hold that the omissions above stated will invalidate the tax, when the objections are made for the first time after the school-house has been erected.

*2. ——: erection of school-house: failure to comply with statute: restraining collection of tax: objection made too late.*

It is objected, in substance, that plaintiff had no opportunity to controvert the allegations of the answer and affidavits. But no such objection was made when the motion was heard, and no application made for a continuance. Such objection, therefore, cannot be successfully made for the first time in this court. We are unable to say the district judge erred in dissolving the injunction.

*3. PRACTICE: injunction: no opportunity to controvert affidavits: objection too late.*

AFFIRMED.