BLANFORD v. THE MINNEAPOLIS & ST. LOUIS R'Y CO.

1. **Railroads:** RIGHT TO FENCE TRACK IN CITIES AND TOWNS. A railroad corporation does not have the right to fence its track in cities and towns where it is intersected by streets and alleys; and it is immaterial whether the track crosses a lot or block for a greater or less distance, or whether the lot or block is owned by one or many persons. BECK and REED, J. J., *dissenting*.

*Appeal from Boone Circuit Court.*

FRIDAY, MARCH 11.

ACTION to recover under the statute double the value of a cow killed by a train on the defendant's road, at a point where it had the right to fence its track. It is also stated in the petition that the train was carelessly and negligently operated. Trial to the court; judgment for the plaintiff; defendant appeals.

*A. E. Clarke*, for appellant.

*Crooks & Jordan*, for appellee.

SEEVERS, J.—Certain facts were stipulated and agreed upon, among which were the following: "The plaintiff's cow, while at large in the streets of the incorporated town of Ogden, at a point where said town was platted and laid out in blocks, streets and alleys, was struck and killed by defendant's train, where the defendant's road crosses one of the lots of said town."

The amount in controversy being less than $100, we are required to determine the following question: "Has a railroad corporation the right to fence its track and right of way

when the same passes over and across a town lot or block, 264 by 574 feet, being a portion of the territory embraced in and within the corporate limits of an incorporated town which is laid out and platted in streets and blocks?"

We are unable to determine, from the facts stipulated and the foregoing question, whether the lot or block is all owned by one person, or by several, or whether the road crosses it for the distance of 574 or only 264 feet. We incline, however, to think it immaterial what the facts are in the respects mentioned. We will therefore assume that the lot in question is owned by one person, and that the road passes across it, at a right angle, for the longest distance mentioned. While this assumption is made, it is obvious that in some other case it may appear that the blocks are, say, 250 feet square, divided into lots of twenty-five feet, each of which is crossed by the road for that distance, and each lot is owned by a different person. If this makes any difference, and each case must be decided according to the facts shown in the record, then it would seem to be a question for the jury, under proper instructions from the court, as to whether the right to fence existed; that is, whether the railroad company had such right. We, however, are asked to determine the question propounded as a matter of law, and such it has been assumed to be in numerous decisions of this court, and such we believe it to be, and such question we think may be stated as follows: whether a railroad company has the right to fence its track within the corporate limits of a city or town, outside of or beyond the switches and depot grounds, but within that part of the corporate limits where the track is intersected by streets and alleys. We assume that outside or beyond where there are any streets, and where the land is used for agricultural purposes, although within the corporation, the right to fence exists. *Coyle v. Chicago, M. & St. P. R'y Co.*, 62 Iowa, 518.

Assuming, then, that the question to be determined is correctly stated, it is immaterial whether the lot or block is

crossed by the road for the distance of 250 or 600 feet, and whether it is owned by one or many persons. The real legal question is whether the right to fence exists within the corporate limits, as above limited and defined. If it does, then cattle-guards must be constructed on both sides of each street and alley, for the reason that the fence would not prevent stock from getting on the track without such cattle-guards. *Mundhenk v. Central Iowa R'y Co.*, 57 Iowa, 718.

It is provided by statute that, when a person owns land on both sides of a railway, the corporation may be required to construct a cattle-guard and causeway, and the corporation also is required to construct cattle-guards where the railway enters or leaves improved or fenced land. Sections 1268, 1288, Code. Does this statute apply to lots and blocks in towns and cities? As there are no restraining words, such a construction could be placed thereon with as much propriety as the theory adopted by the circuit court in relation to the right to fence. The corporation is not required to fence, but, if it fails to do so, it is absolutely liable for stock injured or killed. Code, § 1289.

There are no exceptions, and it is immaterial where the stock is injured or killed. But it is evident that the corporation does not have the right to fence across highways. There is clearly one other exception,—it does not have the right to fence its depot grounds; and it makes no difference, we apprehend, whether such grounds are in a city or town, or not within either. *Davis v. Burlington & M. R. R'y Co.*, 26 Iowa, 549. The question under consideration was elaborately considered in the cited case, and, while the precise question under consideration was not in that case, yet it is evident that it was in the mind of the court, and was considered. Among other things, it is said in the opinion: "The fitness or propriety of fencing a road, we need hardly say, depends upon circumstances.    *    *    *    The legislature had in mind, beyond question, these lines as they

were constructed over our prairies, knowing that cattle were free commoners, and desiring to protect stock running at large so generally in agricultural districts of the state." The opinion, as a whole, clearly conveys the impression that it was written with the view and intended to determine two other cases then pending, in which the facts were different. Those cases are *Rogers v. Chicago & N. W. R'y Co.*, 26 Iowa, 558, and *Durand v. Same*, Id., 559. In the former, the following instruction was given: "That, if the horse was killed in the town of Oxford, but not on the depot grounds, or within the switches, and not on any street crossing, and the road was not fenced, the verdict should be for the plaintiff for double the value." And an instruction embodying the proposition that the company would not be liable, under the statute, for failure to fence within the limits of the town situated and traversed by the road, as this was, being refused, there was a verdict for the plaintiff. The court said: "In principle, this case is 'on all fours' with that immediately preceding, (*Davis v. Burlington & M. R. R'y Co.*) The argument made we will not repeat. Following the construction there given of the statute, this judgment is erroneous."

When the foregoing cases are carefully considered, we think it is evident that this court is committed to the rule that a railroad corporation does not have the right to fence its track in cities and towns where it is intersected and crossed by streets and alleys. The question we are required to determine must therefore be answered in the negative.

The circuit court saw fit to propound another question, and that, in substance, is whether the defendant is liable on the ground of negligence. Inasmuch as the court rendered judgment for double the value of the cow, this question is immaterial, and only presents for determination an abstract proposition, and therefore we are not required to consider it.

REVERSED.

BECK, J., *dissenting.*—Under the decisions in this court,

a railroad company may fence its track whenever it is " fit, proper and suitable " to do so, and the right rests upon the public convenience, the public interest, and not upon the convenience of the railway company. This rule has been applied by this court to cases wherein was involved the right to fence depot grounds and a strip of land adjacent to a railroad track, " designed to afford room for teaming and driving " on each side of the track. *Davis v. Burlington & M. R. R'y Co.*, 26 Iowa, 549; *Rogers v. Chicago & N. W. R'y Co.*, Id., 558.

This court has not held that a railroad company has not the right to fence its track within the limits of a town or city, when the public interest and convenience do not prohibit it. *Gilman v. Sioux City & P. R'y Co.*, 62 Iowa, 299, and *Coyle v. Chicago, M. & St. P. R'y Co.*, Id., 518, are claimed by counsel to so hold, but they are not to that effect.

The mere fact that a lot, containing nearly four acres, (the lot in question being that size,) is within a town or city, does not authorize the conclusion that the interest and convenience of the public does not demand that a railway running through it should not be fenced. Indeed, it may be that a fence, in such a case, is more urgently demanded by the public good than in case of farming lands away from towns and cities. It will be observed that the facts shown by the question submitted in this case disclose that the railroad runs " over and across ". the town lots, not upon a street or road adjacent thereto. The foregoing opinion, while admitting that the rule it approves has not been held by this court, declares that it was in the " mind " of the court, and therefore recognized in *Davis v. Burlington & M. R. R'y Co.*, 26 Iowa, 549. We cannot fathom the " mind " of the court in order to determine the rule of law decided, nor can we consider the arguments advanced in the discussion by the court in order to determine the point decided. We look to the facts, and, if we discover that the point was not in the

case, whatever is said about it is not to be regarded as a decision; it is mere *dictum*. The foregoing opinion admits what is true,—that the question before us was not in the case cited; it is therefore no authority in this case.

A doubt may well be expressed as to whether the point in controversy in this case was " in the mind " of the court in the case cited, and whether any arguments found in it support the conclusion reached in the foregoing decision.

REED, J., concurs in this dissent.