HYMAN v. ANN ARBOR RAILROAD CO.

EMINENT DOMAIN—RAILROADS—EMBANKMENT—CLOSING ACCESS—DAMAGES—LIABILITY.

A person buying land in a platted portion of a city in reliance upon the fact that the streets platted thereon gave him a way to and from the land, is entitled to recover damages from a railroad company, which, with knowledge of the facts, constructs an embankment on its right of way adjacent to the land, and on the same plat, in such manner as to close the means of access to the land, irrespective of whether the streets were ever legally accepted by the city.

Error to Wexford; Chittenden, J. Submitted June 16, 1905. (Docket No. 33.) Decided July 21, 1905.

Case by Herman Hyman against the Ann Arbor Rail-

road Company for damages to land caused by obstructing a street. There was judgment for plaintiff, and defendant brings error. Affirmed.

*T. W. Whitney* (*Alexander L. Smith*, of counsel), for appellant.

*E. F. Sawyer*, for appellee.

MOORE, C. J. Plaintiff obtained a judgment of $350 against defendant. The case is brought here by writ of error. The record shows: That in 1882 there was recorded in the office of the register of deeds the G. A. Mitchell plat of the southwest quarter of section 3, T. 21 N., R. 9 W. That this plat was approved by a resolution of the common council of the city of Cadillac at a meeting held July 10, 1882. The east half of the southeast quarter of the southwest quarter of section 3 is within the lines of this plat. Some time after this plat was recorded, the plaintiff bought the east half of the southeast quarter of the southwest quarter of section 3, and entered into the possession of it. The plat shows two streets — Lester street and Carmel street—both of which run to the land of plaintiff. Before buying this land the plaintiff was shown by Mr. Farrar, the agent of the owner, the location of these streets, and their relation to the land. The only means of ingress and egress to and from this 20 acres was by means of these streets. In 1887 the defendant procured a right of way across that portion of section 3 that was adjacent to the line of plaintiff's land, up to which the two streets named came. Later the defendant built an embankment about 12 feet high on its right of way, crossing the two streets at right angles, and practically closing them against plaintiff, making it impossible for him to reach his 20 acres. It promised him to arrange a crossing later so he could reach his land, but it failed to do so, and later he caused an approach to be made at his own expense, so he could drive his cattle back and forth and take light loads over the crossing. Nearly 10 years later the defendant

raised its embankment so it is now 18 or 20 feet high, and fenced its right of way, so as to completely prevent plaintiff from reaching his land. The above facts are practically undisputed. The brief of counsel for appellant is not very helpful. The following excerpt from it is an illustration:

"It seems a waste of time to review the numerous decisions of this court wherein it has held an acceptance of the street by the authorities is necessary to bring them under municipal control."

No authorities are cited. As nearly as we are able to understand the propositions of counsel, they all revolve around the idea that, unless the city had opened, repaired, and improved the streets shown by the plat, the plaintiff could not recover. He attempted to show by the city clerk elected in 1895, from the record book of the council for the years 1888 to 1889 and for the years subsequent thereto, whether they contained any resolution as to opening, repairing, or improving the two streets in controversy. This was objected to as incompetent and immaterial, and the objection was sustained. This witness testified on cross-examination that the city at the intersections of the streets erected posts carrying signs with the names of the streets upon them. Mr. Hyman was allowed to testify that there was a post at the intersection of Whaley and Carmel streets carrying a sign with the name "Carmel Street" upon it. Error is assigned as to these rulings of the court. . Also to that portion of the charge of the judge relating to the effect of making and recording a plat approved by a resolution of the common council. Error is also assigned upon the refusal of the court to direct a verdict for defendant.

We deem it unnecessary to enter upon a discussion of these assignments of error. It has already appeared that Mr. Hyman bought his land in a platted portion of the city, relying upon the fact that streets platted thereon gave him a way to and from his land, enabling him to get some beneficial use therefrom. It also appears that de-

fendant, getting a right of way through land in the same plat, and knowing what the situation was, arbitrarily closed all means of access to this land.   In any view of the case, plaintiff was entitled to recover damages.   The important question in the case was, How much was the plaintiff entitled to recover ?   There is no complaint made to the portion of the charge relating to the question of damages, and no assignments of error in relation thereto.

Judgment is affirmed.

CARPENTER, GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.