FREMONT S. GIBSON, Appellant, v. IOWA CENTRAL RAILWAY Co., Appellee.

Railroads: FENCES: INJURY TO STOCK.  A railway company has no right to fence its right of way at such places within a city as are platted into blocks and lots where the railroad is intersected by public streets and alleys; and it is not responsible for stock killed at such places by reason merely of the absence of such fences; and the question of whether the place is one at which the company has a right to fence is ordinarily one of law where the facts are undisputed.

Same: NEGLIGENCE: BURDEN OF PROOF.  An animal running at large in violation of a city ordinance, which goes upon a right of way at a point where the company has no right to fence is a trespasser, and trainmen are under no obligation to keep a look out; but the burden is upon the plaintiff, not only to show

that the animal was killed by a passing train, but that the killing was due to the actual negligence of the trainmen.

*Appeal from Cerro Gordo District Court.*—HON. CLIFFORD P. SMITH, JUDGE.

TUESDAY, NOVEMBER 19, 1907.

ACTION at law to recover the value of a mare killed upon or near defendant's right of way in the city of Mason City. Trial to a jury, verdict for plaintiff, which was set set aside upon defendant's motion for a new trial, and plaintiff appeals.— *Affirmed.*

*Glass, McConlogue & Witwer,* for appellant.

*John I. Dille, Geo. C. True,* and *Blythe, Markley, Rule & Smith,* for appellee.

DEEMER, J.— Plaintiff's petition is in two counts. In the first he asked recovery upon the ground that his animal was killed upon defendant's right of way at a place where it had the right to fence, and in the second he sought to hold defendant liable for the negligence of its employés in charge of the train which killed the animal. At the conclusion of the testimony, the trial court, upon motion, directed a verdict for defendant upon the first count, or refused to submit the same to the jury. The second count was submitted, and a verdict was returned for plaintiff, which was afterward set aside on defendant's motion for a new trial, upon the ground that there was no testimony showing that defendant's employés saw the mare in time to have prevented the accident. The evidence shows that plaintiff's mare was kept in a barn upon the fair grounds near Mason City, Iowa, in charge of one Swift. On the evening of January 21, 1906, the barns took fire, and the horses were gotten out as quickly as possible, and some of them, including plaintiff's mare, were permitted to escape. The next morning plaintiff's animal

was found dead near the south abutment of a viaduct on defendant's right of way, crossing what is known as "Superior street" or "Merrill avenue," in the city of Mason City. There was evidence tending to show that the mare had followed defendant's right of way from the north for some distance until she reached the viaduct, where she was either struck by a train and thrown into the street below or where she fell from the embankment into the street, receiving injuries from which she died. All the evidence tended to show that the animal went upon the track within the city limits and within that portion thereof which was platted, and through which ran various streets and alleys, and, in so far as the case rests upon the first count of the petition, the sole question is: Did the mare go upon the track, or was she killed at a place where defendant had a right to fence?

It is conceded that at neither place did defendant maintain a fence. This, of course, it was not required to do; but, if the accident occurred at a place where defendant had a right to fence and by reason of the want of such fence, then defendant is liable on the first count of its petition. Code, section 2055, and cases cited. That these places were both within the city limits is not controlling, but, if at such place within the boundaries of the city as was platted into lots and blocks and was intersected by streets and alleys, the railway company had no right to fence, and is not responsible for stock killed by reason of the want of fences along its right of way. *Blanford v. Railroad,* 71 Iowa, 310; *Rogers v. Railroad,* 26 Iowa, 558; *Coyle v. Railroad,* 62 Iowa, 518. It is not important that the lots and blocks are irregular in shape or variant in size; nor is the mere fact that the streets and alleys were not used or open to the public travel controlling. *Lathrop v. Railroad,* 69 Iowa, 105; *Long v. Railroad,* 64 Iowa, 657. Whether or not the place was one where defendant had a right to fence is a question of law for the court, and not ordinarily under undisputed facts one of

1. Railroads: fences: injury to stock.

fact for a jury. *Blanford v. Railroad,* 71 Iowa, 310. Now, the evidence shows without dispute that both at the place where the animal was killed and where it went upon the right of way, and for some distance north of these points, the land was laid out in lots and blocks, and the right of way was crossed by various platted streets and alleys which were open to public travel, and under the rules announced in the cases hitherto cited the defendant had no right to fence at these places. None of the cases cited and relied upon by appellant are in point or controlling upon this proposition. There may be cases where stock is killed within the limits of a town or city which present a question of fact for a jury to determine whether or not the stock entered upon the track at a place where the railway company had a right to fence; but where, as here, there is no dispute in the testimony and the physical condition is not in dispute, the question is one of law for the court. This case · is clearly ruled by *Blanford's* case, *supra,* and the trial court was right in taking the first count of the petition from the jury.

II. If the animal was struck or killed by a passing train, it was either a freight or a passenger one, for but these passed the place where the animal was found at such a time as that it might have been struck by a train. There was an ordinance of the city prohibiting stock from running at large, and the animal was a trespasser upon defendant's right of way. These being the facts, defendant's employés were under no obligation to keep a lookout for animals which might be upon the track. Liability may be predicated only upon the proposition that defendant's employés saw the animal upon the track at such a time as that in the exercise of ordinary care they might have stopped the train in time to have avoided injury. The burden was upon plaintiff to show, not only that his mare was killed by a passing train, but that this killing was due to the negligence of defendant's employés. It is not enough for him to show that this might perhaps

2. Same: negligence: burden of proof.

have been the cause of the injury. His case, so far as the second count of the petition is concerned, rests wholly upon circumstantial evidence, and the rules applicable thereto are well understood. The circumstances shown must negative every other reasonable hypothesis, save that of defendant's negligence. Verdicts should not be based upon mere theory or supposition. *Asbach v. Railroad,* 74 Iowa, 248; *O'Connor v. Railroad,* 129 Iowa, 636; *Rhines v. Railroad,* 75 Iowa, 597; *Neal v. Railroad,* 129 Iowa, 5. In order to find a verdict for plaintiff on the second count of the petition, it was necessary not only for the jury to infer that the animal was killed by a passing train, of which there was no direct evidence, but also that the animal was in plain sight upon the track a sufficient length of time for the defendant's employés to have seen her if they had been looking and to have stopped their train; that they were, in fact, looking, which they were not required to do, and that they, in fact, saw the animal at sufficient length of time before they struck her to have, in the use of ordinary care and diligence, avoided the injury. This would be piling inference upon inference to an extent not permitted by the law. There was not in our opinion sufficient evidence to justify a verdict upon the second count of the petition, and the trial court was right in setting it aside.

No error appears, and the judgment must be, and it is, *affirmed.*