Thomas **PURCELL**, Plaintiff-Appellant,

v.

**WATERMAN STEAMSHIP CORPORATION**, Defendant-Appellee.

No. 250, Docket 23181.

United States Court of Appeals Second Circuit.

Argued April 7, 1955.

Decided April 26, 1955.

Alfred S. Julien, New York City, for appellant.

Edward J. Behrens, New York City, for appellee.

Before L. HAND, SWAN and HINCKS, Circuit Judges.

## 954

PER CURIAM.

 This case turned upon whether the plaintiff slipped upon a spot of grease upon the deck of the ship where he was at work, as to which Judge Leibell's 26th finding was as follows: "The accident to the plaintiff was not caused or contributed to by any oil, grease or other foreign substance on the deck of the vessel. The plaintiff did not slip or lose his footing by reason of any oil, grease or foreign substance on the deck." There was nothing inherently improbable in the defendant's explanation of the plaintiff's fall as it was stated in the 21st finding: "Plaintiff was caused to fall into the No. 3 hold by the weight of the hatch board he was holding, when a fellow employee let go of or lost his grip on the other end of the hatch board. Plaintiff was unable to let go his end in time and the weight of the hatch board pulled him over the hatch coaming down into the hold." We are asked to reverse these findings as "clearly erroneous" because the plaintiff called three apparently disinterested witnesses to the occurrence who corroborated the plaintiff's testimony that he slipped on a spot of grease, and because the defendant called only one eyewitness who swore that he had seen no such spot. The theory that affirmative testimony is to be preferred to negative, though at times a make-weight in coming to a conclusion, is wholly apocryphal if invoked as an imperative; and there is no rule that the testimony of witnesses must be accepted if they are not contradicted and if their credibility is not impeached. It is true that expressions may be found in the books that there is such a rule, but there are a number of decisions in federal courts to the contrary.[1] Indeed, this groundless notion must rest upon the assumption that the only evidence that should count in a decision of fact is the spoken words of the witnesses, so long as these are not in too great conflict with established physical facts. In short, the whole nexus of sight and sound that is lost in a written record is to count for nothing. Such mutilations of the processes of human inference can emanate only from those who suppose that "legal reasoning" is a mental process unique and unrelated to ordinary affairs. The words that a witness utters, although they must of course be the vehicle of whatever he has to contribute, are again and again of no probative weight at all because of his address, his bearing and his apparent lack of intelligence. We have so often repeated the substance of this that it is obviously impossible to convince the bar that we mean to live up to it.[2] Conceivably, the day may come when appeals will be heard upon a completely faithful reproduction of the whole scene as it was in the courtroom. Absit omen; but at least until that horrid fate shall overtake our devoted successors we shall continue to carry on as we have.

Judgment affirmed.

1. Lee Sing Far v. United States, 9 Cir., 94 F. 334, 839; Fire Association of Philadelphia v. Mechlowitz, 2 Cir., 266 F. 322, 325; Reiss v. Reardon, 8 Cir., 18 F.2d 200, 202; Aetna Life Ins. Co. v. Hagemyer, 5 Cir., 53 F.2d 636; Uncasville Mfg. Co. v. Com'r of Internal Revenue, 2 Cir., 55 F.2d 893, 897; Wigmore, § 2034.

2. Crane Co. v. Evans Transportation Co., 2 Cir., 155 F.2d 940, 941; Fodera v. Booth American Shipping Corp., 2 Cir., 159 F.2d 795, 797; Kilgust v. United States, 2 Cir., 191 F.2d 69.