281 F.2d 78
 Terrence WOOLEY, a minor by his mother and guardian, Vida Wooley Vetterly, and Vida Wooley Vetterly, mother of said minor, in her own right, Appellants,
v.
GREAT ATLANTIC & PACIFIC TEA COMPANY, a New Jersey Corporation.
 No. 13213.
 United States Court of Appeals Third Circuit.
 Argued June 21, 1960.
 Decided July 20, 1960.
 
 Morris M. Berger, Pittsburgh, Pa., for appellants.
 Bruce R. Martin, Pittsburgh, Pa., for appellee (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief).
 Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.
 KALODNER, Circuit Judge.
 
 
 1
 Did the court below abuse its discretion in denying plaintiffs' motion for a new trial based on inadequacy of the jury's verdict in their favor in their action for damages?
 
 
 2
 That is the single question presented by this appeal.
 
 
 3
 The facts are detailed in the opinion of the District Court reported at W.D. Pa., 1960, 180 F.Supp. 529. They may be summarized as follows:
 
 
 4
 On the afternoon of November 12, 1954, the minor plaintiff, Terrence Wooley, then four years old, was injured when several 10-ounce cans of tomato soup which had been stacked in pyramid fashion on a shelf in defendant's supermarket in Braddock, Pennsylvania fell and struck him, one of them on his head. Terrence was at the time in the company of his parents.
 
 
 5
 In their action for damages[1] the minor plaintiff sought recovery for pain and suffering, past, present and future, and the plaintiff, Vida Wooley Vetterly, his mother, for medical expenses, past and future.
 
 
 6
 Negligence of the defendant was at issue in the court below as well as the extent of the injuries sustained by the minor plaintiff. The jury determined the issue of negligence in the plaintiffs' favor and returned a verdict of $1,700 in favor of the minor plaintiff and $300 in favor of his mother. In their motion for a new trial plaintiffs urged that the respective verdicts were grossly inadequate in view of claimed serious injuries to the minor plaintiff, and medical expenses, incurred and to be incurred, by the mother plaintiff. In denying the motion the trial judge stated that "the verdict was adequate for both."
 
 
 7
 On this appeal plaintiffs contend that their testimony established that as a result of the accident the minor plaintiff's eyes crossed, and he suffered emotional difficulties and personality changes which required and will require psychiatric treatment; that the crossed eyes will require one or two operations; that the psychiatric treatment will extend from six months to two years in the future. The cost of the eye operations was estimated at $350.00 to $400.00; eye treatments prior to trial cost $70.00. Expenses for future psychiatric treatment were estimated at $1,000; $335.00 had been spent prior to trial for psychiatric consultations.
 
 
 8
 With respect to the eye condition, Dr. Evans, an ophthalmologist, testified that the minor plaintiff had a "fusional weakness" of his eyes prior to the accident and that the accident "was the precipitating cause of the esotropia" or crossed eyes, and one or two operations would be required to correct the condition.
 
 
 9
 On the score of the minor plaintiff's psychiatric difficulties, emotional and personality changes, Dr. Morgenlander, a psychiatrist, testified that "some minor behavior abnormalities existed prior to the accident" but the latter "was in a manner of speaking the instrument that broke the camel's back"; that the accident "was not a causative thing, but it did enhance and set up a cycle."
 
 
 10
 The trial court in its opinion denying plaintiffs' motion for a new trial on the ground of inadequacy of the verdict stated (at page 531):
 
 
 11
 "* * * There was ample evidence from which the jury could find that certain of the claimed damages were unconnected with the injuries complained of. For example, the jury could have found that the psychiatric difficulties suffered by the minor plaintiff, or the major portion thereof, were unrelated to the blow on the head, and the jury could also have found that the eye problem in considerable proportion was due to other factors as well as the glancing blow of a 10-ounce can on the child's head. It was within the jury's province to evaluate the medical opinions and to apportion the medical expenses between the effects it found by a fair preponderance of the evidence were caused by the injury and the effects it found were not so established as to both the eye condition and the psychiatric difficulties of the minor plaintiff, and to award damages for only those medical expenses proximately resulting from defendant's negligence."
 
 
 12
 Upon review of the record we cannot say that the trial court abused its discretion in denying the plaintiffs' motion based on inadequacy of the verdicts.
 
 
 13
 In view of the testimony of plaintiffs' own medical experts that other factors could have caused the minor plaintiff's physical and psychiatric conditions it was for the jury to determine the issue of causation. Larkin v. May Department Stores Company, 3 Cir., 1958, 250 F.2d 948, 950, citing Swift & Co. v. Morgan & Sturdivant, 5 Cir., 1954, 214 F.2d 115, 49 A.L.R.2d 924; Coyne v. Pittsburgh Railways Company, 1958, 393 Pa. 326, 334, 141 A.2d 830 ("Proximate Cause is peculiarly a jury question.")
 
 
 14
 Moreover, even if plaintiffs' medical experts had testified with more certainty, "* * * the trier of fact is at liberty within bounds of reason to reject entirely the uncontradicted testimony of a witness which does not produce conviction in his mind of the witness' testimony." Joseph v. Donover Company, 9 Cir., 1958, 261 F.2d 812, 824, and cases there cited at note 12; Purcell v. Waterman Steamship Corporation, 2 Cir., 1955, 221 F.2d 953; Nanty-Glo Boro v. American Surety Co., 1932, 309 Pa. 236, 163 A. 523; VII Wigmore, Evidence, § 2034 n. 3 (3rd ed. 1940). The right of the trier of the fact to reject oral testimony seems particularly appropriate when the testimony is composed of opinions. See Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 627-628, 64 S.Ct. 724, 88 L.Ed. 967.
 
 
 15
 We have frequently stated that the question of excessiveness of a verdict is primarily a matter to be addressed to the sound discretion of the trial court and that its determination will not be disturbed upon appeal unless a manifest abuse of discretion is shown. Only where the verdict is so grossly excessive as to shock the judicial conscience will this Court reverse the determination of the trial court and grant a new trial. "It is not within the province of this court to determine what would be a fair recompense for the injuries sustained by the plaintiff; rather, it is our duty to determine whether the trial judge, weighing all the evidence on the question of damages, has exercised his considered judgment as to a rational verdict in a judicial manner.": Russell v. Monongahela Railway Company, 3 Cir., 1958, 262 F.2d 349, 352; Lebeck v. William A. Jarvis, Inc., 3 Cir., 1957, 250 F.2d 285, 288; Thomas v. Conemaugh & Black Lick R. R. Co., 3 Cir., 1956, 234 F.2d 429, 434.[2]
 
 
 16
 We can perceive of no reason why the rule should be otherwise when a new trial is sought on the theory of an inadequate verdict.
 
 
 17
 For the reasons stated the Order of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 The suit was brought in the federal court by reason of diversity of citizenship; the plaintiffs are citizens and residents of Pennsylvania and the defendant is a New Jersey corporation
 
 
 [2]
 In accord are Phoenix Indemnity Co. v. Givens, 5 Cir., 1959, 263 F.2d 858; Consolidated Gas & Equipment Co. of America v. Carver, 10 Cir., 1958, 257 F.2d 111