**Eugene Richard CYGAN, Administrator of the Estate of Eugene Frank Cygan, deceased, Plaintiff-Appellee,**

v.

**CHESAPEAKE & OHIO RAILWAY CO., a Virginia Corporation, Defendant-Appellant.**

**No. 14280.**

United States Court of Appeals
Sixth Circuit.

June 30, 1961.

Robert A. Straub, Detroit, Mich., for appellant.

James A. Markle, Detroit, Mich., for appellee.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Defendant-Appellant, Chesapeake & Ohio Railway Company, appeals from a judgment for $15,000.00, entered upon a jury verdict in favor of plaintiff-appellee, Eugene Richard Cygan, Administrator of the Estate of Eugene Frank Cygan, deceased. The action arose out of the death of Eugene Frank Cygan, the two and one-half year old son of the plaintiff-administrator, following such child's fatal injuries inflicted when struck by the engine of a freight train operated by the defendant railroad. The accident occurred at the crossing of the railroad tracks with what the railroad claims was the right of way of Tireman Avenue, a street in the City of Detroit, Michigan. The deceased child, walking easterly, had approached the railroad tracks along a sidewalk on the south side of Tireman Avenue, and from the easterly end of such sidewalk had proceeded, walking or crawling, along a path extending across the tracks on the line of the sidewalk onto the tracks of defendant, where he was sitting when struck by defendant's engine.

■ Plaintiff charged defendant with negligence, first in the claimed failure of the engine crew to make timely discovery of the child and to exercise due care after they did discover the presence of the child, and, second, in failing to have fenced its right of way at the point of the fatal accident. The district judge submitted both of plaintiff's theories of recovery to the jury. The jury rendered a general verdict for plaintiff. On this appeal, defendant charges error only in the submission of the question of claimed negligence of defendant in failing to have erected a fence along its said right of way. Under the law of Michigan, and under decisions of this and other circuits, a new trial must be granted if there was error in submitting either of plaintiff's theories of liability. Winnie v. Lake Shore, etc., R. Co., 160 Mich. 334, 125 N. W. 351; Detroit, T. & I. R. Co. v. Banning, 6 Cir., 1949, 173 F.2d 752, 755; See also Wilmington Star Mining Co. v. Fulton, 205 U.S. 60, 77–79, 27 S.Ct.

412, 51 L.Ed. 708; Rashaw v. Central Vermont Ry., 2 Cir., 1943, 133 F.2d 253, 256; Northern Pac. Ry. Co. v. Haugan, 8 Cir., 1950, 184 F.2d 472, 478, 481; Atlantic Coast Line R. Co. v. Tiller, 4 Cir., 1944, 142 F.2d 718, 722.

A Michigan statute requires every railroad to erect and maintain fences on each side of its right of way (Mich.Stat.Anno. § 22.274, C.L.1948, § 466.15). The Supreme Court of Michigan has held that notwithstanding such statute, a railroad is not required to maintain such fences within the limits of its railroad yard. Katzinski v. Grand Trunk Ry. Co., 141 Mich. 75, 104 N.W. 409; Hoover v. Detroit, G. H. & M. Ry. Co., 188 Mich. 313, 154 N.W. 94; Rabidon v. Chicago & W. M. R. Co., 115 Mich. 390, 73 N.W. 386, 39 L.R.A. 405. Defendant asserts that railroads are also excused from the fencing requirement of the statute where its tracks cross a street or other public way. In the case of Hyman v. Ann Arbor Railroad Company, 141 Mich. 84, 104 N.W. 375, a railroad was held liable in damages where it erected an embankment and a fence along its right of way blocking an adjoining landowner from passage across the railroad tracks along the way of a street delineated on a recorded plat. The court held that the landowner was entitled to damages for such obstruction, irrespective of whether the streets on the plat had ever been legally accepted by the city or had been opened, repaired, or improved. Defendant claims that evidence established that Tireman Avenue existed as a public street across its tracks, at the place of the fatal accident, and that under the decision of Hyman v. Ann Arbor Railroad Company, supra, it had neither the right nor the duty to fence its right of way so as to close off passage across its tracks at that point. Cases more specifically dealing with this claimed exception to a railroad's duty to fence its right of way are cited by defendant. Long v. Central Iowa Ry. Co., 64 Iowa 657, 21 N. W. 122; Lathrop v. Central Iowa Ry. Co., 69 Iowa 105, 28 N.W. 465; Gibson v. Central Iowa Ry. Co., 136 Iowa 415, 113

N.W. 927; Sikes v. St. Louis & S. F. R. Co., 127 Mo.App. 326, 105 S.W. 700; Walker v. Southwest Missouri R. Co., Mo. App., 198 S.W. 441.

Neither in the trial court nor here has plaintiff challenged defendant's contention that if defendant's tracks, at the point of the accident, were, as a matter of fact, within the limits of its railroad yard or within the limits of a public right of way for street purposes, it was not required to maintain a fence there. Plaintiff claims that whether either of such assertions was factually correct was, under the evidence, a question for the jury. Defendant contends, and requested the trial judge to so instruct the jury, that the undisputed evidence established that the scene of the accident was within the limits of its railroad yard and within the street right of way; also that there was no duty on the railroad to have erected a fence at the location involved and that no negligence could be charged against it for failure to have erected such a fence. The district judge's charge left it to the jury to determine whether the scene of the accident was within the railroad's yard limits, but did not discuss the matter of the street right of way. He told the jury that if, under the circumstances, the defendant "should have had a fence or other protection along the right of way that they did not have, you may find the defendant negligent."

The questions for decision here, therefore, are whether as a matter of undisputed fact, the accident occurred within the railroad's yard limits or within a public right of way for street purposes. If either question must be answered in the affirmative, a new trial should be ordered.

■■ (1) *Yard Limits.* One of defendant's employees was asked whether or not the area where the accident happened "is or is not within yard limits." He answered, "It is." There was no other oral testimony dealing directly with the subject. However, the general area was described by witnesses, the police report referred to the area as "open country" and photographs portrayed whatever use the defendant was making of

the general locality. Except for one spur track, some distance from the crossing, there is nothing in sight supportive of the claimed existence of a railroad yard or yard limits. We think the physical condition of the area, indicating absence of any activity peculiar to a railroad yard, made a question of fact for the jury on the subject. Rabidon v. Chicago & West Michigan Railway Co., 115 Mich. 390, 73 N.W. 386. Neither the court nor the jury were required to consider only the statement of defendant's engineer to the exclusion of other evidence from which an inference could be drawn against the existence of a railroad yard. See Andrew Jergens Co. v. Conner, 6 Cir., 1942, 125 F.2d 686, 689; Purcell v. Waterman Steamship Corp., 2 Cir., 1955, 221 F.2d 953, 954.

(2) *Did the accident happen on a right of way for street purposes.* We are of the opinion that no other conclusion could be drawn from the evidence in this case but that the fatal accident occurred on the railroad track of defendant, as asserted in plaintiff's complaint, "at its intersection with Tireman (a public street) in the City of Detroit." Plaintiff's evidence showed that the deceased child had approached the defendant's tracks along a sidewalk on the south side of Tireman Avenue, which was marked by a street sign, so designating it. The sidewalk stopped short of the defendant's tracks. The plaintiff claimed, however, that:

"The people have worn a well-beaten path, continuing east from the east side of the tracks over the right of way and to where Tireman Avenue comes up to the right of way on the opposite side. * * * this is a public way and by long established use * * * was a place where pedestrians and particularly children were to be expected."

Defendant's witness Mueller, an employee of the Planning Commission of Detroit, identified a map prepared for the purpose of a condemnation proceeding whereby Tireman Avenue was to be widened as it crossed the defendant's tracks. This map showed Tireman Avenue as a

street 43 feet wide, extending across defendant's tracks. It showed the city's plan to condemn 33 feet on the north side of the existing street, to make the street 76 feet wide. The 43 feet of existing street right of way included the sidewalk upon which the child approached and the path upon which he was crossing the tracks. The witness Mueller testified that the city of Detroit owned the 43 foot right of way; that an easement for Tireman Avenue had been granted to the city of Detroit by the dedication of a recorded plat, and that this had occurred long before the accident in question. He identified this 43 foot right of way as "extending from Rutherford to Greenfield, which includes the crossing of the C. & O. Railroad."

Plaintiff challenges defendant's claim that the undisputed evidence shows that there was an existing public right of way across the C. & O. tracks at the point of the fatal accident. He asserts that "it is an exhibit which refutes defendant-appellant's assumption." The exhibit referred to is a photograph of the area showing a sign located east of the end of the sidewalk as it approached the crossing and just south of the path that proceeds easterly from the end of the sidewalk. This sign, presumably placed there by the C. & O. employees reads, "Chesapeake & Ohio Railway Property, No Trespassing." There was no evidence one way or the other as to whether this sign was within the 43 foot right of way of the City of Detroit. Assuming, however, that it was located within the right of way, we do not think its presence created an issue of fact as to the existence of the city's right of way. Clear and unimpeached evidence of the existence of the public right of way had been received. The C. & O. sign's assertion of ownership could not, in our opinion, create an issue of fact against the clear proof to the contrary.

Where facts upon which a rule of law depends are undisputed, the jury should be so advised. Holbert v. Staniak, 359 Mich. 283, 102 N.W.2d 186, 189; Stearns v. Vincent, 50 Mich. 209, 15 N.W.

86, 45 Am.Rep. 37; Dondero v. Frumveller, 61 Mich. 440, 28 N.W. 712. The fact that Tireman Avenue was a public street, crossing the railroad right of way at the place in question, relieved defendant of any obligation to there erect and maintain a fence. The jury should have been so instructed, as requested by defendant.

Judgment for plaintiff is reversed and a new trial ordered.