# Hudson v. C., & N. W. R. R. Co.

1. **Appeal to Supreme Court:** LESS THAN $100: QUESTION OF EVIDENCE TO SUPPORT VERDICT. Although the question as to the sufficiency of the evidence to support a verdict may in a certain sense be said to become a question of law, yet it is not such a question as the legislature intended should be certified to this court in cases involving less than $100.

2. **Railroads:** NEGLIGENT CONSTRUCTION: EVIDENCE OF PRIOR ACCIDENT. In an action for damages for injury to a horse by reason of the negligent and defective construction of a railroad crossing, evidence of a former and similar accident, which happened to another at the same place, was not competent, and should have been excluded.

3. ————: ————: EVIDENCE OF REPAIRING DEFECT AFTER ACCIDENT. Evidence to the effect that, a day or two after the accident, the defendant's employes changed the crossing in such a manner as to avoid the defect complained of, could have no other purpose than to establish an admission on the part of the defendant of its own negligence at the time of the accident; and the evidence could not be admitted for that purpose, without a violation of the well established rule, that an admission made by an employe or agent, after the transaction, cannot be introduced as evidence against his principal.

| | |
|---|---|
| 59 | 581 |
| 79 | 268 |
| 79 | 486 |
| 59 | 581 |
| 80 | 466 |
| 59 | 581 |
| 89 | 572 |
| 59 | 581 |
| 91 | 605 |
| 59 | 591 |
| 97 | 454 |
| 99 | 298 |
| 59 | 581 |
| 103 | 669 |
| 59 | 581 |
| a109 | 221 |
| d109 | 222 |
| 59 | 581 |
| 114 | 260 |
| d114 | 554 |
| 59 | 581 |
| 123 | 100 |
| 59 | 581 |
| 128 | 196 |
| 59 | 581 |
| 129 | 613 |
| f130 | 574 |
| 59 | 581 |
| d131 | 33 |
| 59 | 581 |
| 140 | 192 |

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 20.

THE plaintiff claims damages in the sum of one hundred dollars for an injury to a horse, alleged to have been caused by a defective crossing over defendant's road; the defect consisting in placing the plank on the inside of one of the iron rails of the road so far from the rail that, in driving the horse over the crossing, he stepped into the aperture thus made, and was injured and crippled.

There was a trial by jury and a verdict and judgment for the plaintiff. Defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*Sutton & Childs*, for appellee.

ROTHROCK, J.—I. The amount in controversy as shown by the pleadings does not exceed one hundred dollars, and certain questions are certfied to this court for an opinion. The first question is as follows: "Did the court err in refusing to set aside the verdict as being contrary to the evidence?" Objection is made to this question upon the ground that it involves no such matter of law as to authorize its certification. On the other hand, it is claimed that, when a verdict is so contrary to the evidence as in this case, it is the duty of the trial court as a matter of law to set it aside, and the matter then becomes a question of law proper to be certified to this court.

1. APPEAL TO SUPREME COURT: less than $100: question of evidence to support verdict.

The object and purpose of the statute (Code, § 3173) was to prohibit appeals in unimportant cases. Such of these cases as involve questions of law upon which it is desirable to have the opinion of the Supreme Court are saved from the operation of the statute. The object is that where new and important questions arise in cases of this character appeals shall be allowed for the purpose of settling the questions involved, and making the decisions thereon authority in cases

afterwards arising in the courts. Now, although the question as to the sufficiency of the evidence to support a verdict may in a certain sense be said to become a question of law, yet it could not have been intended that this court should be required to take up the case on its facts, examine and weigh the evidence, and determine whether the jury were justified from the evidence in finding the verdict. A determination of such a question would be desirable to no one but the parties to the suit, and would be no authority in the future trial of cases.

II. Plaintiff introduced a witness who testified that, some six months before the accident complained of, a horse driven by him over the crossing in question got his foot between the plank and the rail at the same place where plaintiff's horse was injured. The defendant objected to this testimony as incompetent. The objection was overruled and an exception taken. Upon this point in the case the Circuit Court certified the following question: "Ought the court to have admitted evidence of former accidents at the same place to parties other than the plaintiff?"

2. RAILROADS: negligent construction; evidence of prior accident.

In *Collins v. Inhabitants of Dorchester*, 6 Cush., 396, the plaintiff was injured by driving against a post in a highway. He sought to prove that another person had met with precisely the same kind of accident before, at the same place, and from the same cause.

In determining the question the court said: "The testimony of Sprague that he, before the injury complained of by the plaintiff, received a similar injury at or near the same place, without any negligence on his part, was not competent for the purpose of proving that the road was defective at the time and in the place of the plaintiff's injury. It was testimony concerning collateral facts which furnish no legal presumption as to the principal facts in dispute, and which defendants were not bound to be prepared to meet. 2 Stark. on Ev., 381; 1 Green Ev., § 52."

*Parker v. Portland Publishing Company*, 69 Maine, 173, was an action to recover damages for negligence in not properly lighting a passage way. Evidence was received tending to show at different times the condition of the hall way and the entrance to the rooms of the building as to light—whether more or less or none—and of what had happened to other men at other times, and of their fortunate escape from peril. The court, APPLETON, J., said: "These facts were all collateral to the main issue, and should have been excluded." Citing 1 Greenleaf on Evidence, Sec. 52. It was further said: "If evidence of this character is receivable, contradictory proofs would be admissible, and there would be as many collateral issues as there were collateral facts and witnesses testifying to them." It was held that allowing such evidence to be introduced was against the entire weight of judicial authority; citing *Hubbard v. R. R.*, 39 Maine, 506; *Aldrich v. Pelham*, 1 Gray, 510; *Kidder v. Dunstable*, 11 Id., 342; and other cases.

In *Blair v. Pelham*, 118 Mass., 420, an action for a personal injury caused by a defect in a highway, it was held that what happened at the same place a year before was rightly rejected.

A different rule was announced in the case of *Kelley v. The Southern Minn. R. R. Co.*, Sup. Court of Minn., N. W. Rep., Vol. 9, 588. But it appears in that case that the testimony objected to showed that the accident to which it related "was produced by a different cause, and at a point in the crossing about the condition of which there was no complaint," and the court held that the defendant, if it deemed the evidence prejudicial, should have moved to have it stricken out. The rule as stated in the opinion in that case is not discussed, and no authority is given in its support.

We think, both upon principle and authority, the evidence in question was improperly admitted, and that the question certified must be answered in the negative.

III. Testimony was received over defendant's objection

to the effect that, a day or two after the accident of which
plaintiff complains, the employes of the defendant
were at work at the crossing, "lifting the planks
and making them different," and a witness stated
that the plank where the accident happened "looked to be
closer" to the rail after than before the repairs were made.
The court certified this question upon that subject: "Did the
court err in admitting testimony to show that the crossing
had been changed and repaired after the accident?"

*3. ——. ——; evidence of repairing defect after accident.*

We are clearly of the opinion that this question should be
answered in the affirmative. The evidence could have been
introduced and used before the jury for no other purpose than
as an admission upon the part of the defendant that it had
been negligent in keeping the crossing in proper repair
prior to and up to the time of the accident. The admission
of this evidence is in direct conflict with the case of *Cramer
v. The City of Burlington*, 45 Iowa, 627. It is in principle
contrary to the well established doctrine, that an admission
made by an employe or agent, after the transaction, cannot
be introduced as evidence against his principal. See *Sweet-
land v. Ill. & Miss. Telegraph Co.*, 27 Iowa, 433. To ren-
der such admission competent, it must be shown that it was
both within the scope of the agency or employment, and made
during the continuance of it in respect to the transaction then
depending, or, in case of a corporation or company, the admis-
sion must be made by one having authority to bind the com-
pany.

Appellee cites several adjudged cases which hold that evi-
dence of such repairs may be shown. Whatever the rule may
be in other jurisdictions, we regard it as settled in this State,
and see no reason to make it otherwise, believing that it is cor-
rect in principle. There are other questions certified which
we need not set out or discuss. They are in substance em-
braced in those above determined. The judgment of the Cir-
cuit Court will be reversed, and the cause remanded for a new
trial.

REVERSED.