MARY SAVAGE *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

January 19, 1884.

Railroad—Injury to Horses from neglect to Fence.—Where a railroad corporation had inclosed its line of road with a barbed-wire fence, except a gateway into plaintiff's field, which it had negligently left open, and through which plaintiff's horses escaped within its right of way, where they were suddenly frightened by an approaching car, and were thereby caused to run violently against the adjoining railroad fence and were seriously injured thereby, *held*, that the question of defendant's liability was properly left to the jury upon the evidence, and that the negligence of the company in leaving open the fence might, under the circumstances, in connection with the act of its servants in operating the road, be deemed the proximate cause of the injury.

Appeal by defendant from an order of the district court for Scott county, *Macdonald*, J., presiding, refusing a new trial. The case is stated in the opinion.

*L. Van Slyck, H. H. Field*, and *D. S. Wegg*, for appellant, cited *Nelson* v. *Chicago, M. & St. P. Ry. Co.*, 30 Minn. 74; *Lawrence* v. *Milwaukee, etc., Ry. Co.*, 42 Wis. 322; *Brusberg* v. *Milwaukee, etc., Ry. Co.*, 50 Wis. 231; *Indiana, etc., Ry. Co.* v. *Schertz*, 12 Bradwell, (Ill.) 304; *Chicago & N. W. Ry. Co.* v. *Taylor*, 8 Bradwell, (Ill.) 108; *Peru, etc., R. Co.* v. *Hasket*, 10 Ind. 409; *Ohio & Miss. Ry. Co.* v. *Cole*, 41 Ind. 331; *Indianapolis, etc., Ry. Co.* v. *McBrown*, 46 Ind. 229; *Baltimore, etc., Ry. Co.* v. *Thomas*, 60 Ind. 107; *Lafferty* v. *Hannibal & St. J. R. Co.*, 44 Mo. 291; *Seibert* v. *Missouri, K. & T. Ry. Co.*, 72 Mo. 565; *Hughes* v. *Hannibal & St. J. R. Co.*, 66 Mo. 325.

*Brown & Hawkins*, for respondent.

VANDERBURGH, J.   The only question in this case is whether there·
is evidence sufficient to support a verdict in plaintiff's favor, or
whether the defendant's motion to dismiss the action should have been
granted.   The action is brought for damages for injuries to plain-
tiff's horses, alleged to have resulted from the negligence of defend-
ant corporation in failing to fence its right of way adjoining plaintiff's
land.   It appears that the defendant had completed the fence along
plaintiff's field, except openings left for gates, through which tʰ⸗
horses escaped upon the defendant's right of way, where they wᶜ
feeding when defendant's servants, who had been at work on the
fence, placed a hand-car upon the track and commenced to run it in
the usual way.   On its approach, the horses suddenly took fright and
ran back into the wire fence, and were seriously injured.   The nature
and extent of the injury shows that they must have been greatly
excited and have rushed with great violence against the fence.   From
this evidence the jury were warranted in finding that the horses ran
away from the car and against the fence through fright, caused by
the motion and noise of the hand-car; and that they were exposed to·
this danger through the neglect of the company to complete its fence
so as to exclude animals from its land.   We think this question was·
properly left to the jury, and their verdict necessarily includes the·
finding that horses will naturally act in that way under such circum-
stances, and that such and similar results might reasonably be an-
ticipated from the operation of cars and machinery upon the track
by defendant; so that the negligence of the company in leaving open
the fence, in connection with the acts of its servants in operating the·
road, might properly be considered the proximate cause of the injury.
*Young* v. *St. Louis, etc., Ry. Co.*, 44 Iowa, 172; *Maher* v. *Winona &
St. Peter R. Co.*, ante, p. 401.   Here the animals were partially
hemmed in, so to speak, between the fence and the track, so that, if
frightened by the cars, there would be danger of just such a casualty.

The cases cited by appellant from the Indiana and Missouri courts
are not in point, because the statutes of those states, in reference to
railroad fences, provide only for the recovery of damages for injuries·
to animals caused by actual collision upon the track.   The Minne-
sota statute is, however, very broad.   The omission to fence is neg-

ligence *per se,* and the company is made "liable for all damages sustained by any person in consequence of such failure or neglect."

The jury have found that defendant's negligence in leaving open the fence caused the exposure of the animals to a danger arising from the operation of the railway, and the court cannot say, as matter of law, that the alleged cause is too remote. It was fairly a question for the jury. *Milwaukee & St. Paul Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Powell* v. *Deveney,* 3 Cush. 300; *Marble* v. *City of Worcester,* 4 Gray, 395. We are referring in this opinion to a class of dangers arising solely from the railroad, or operations connected with it, and which might have been avoided by the discharge of the statutory duty to fence. *Young* v. *St. Louis, etc., Ry. Co., supra.* In this case, had the horses been driven along in front of a railway train, by fright occasioned by it, into a bridge or an excavation within the railroad fences, or against a similar barbed-wire fence running transversely from the lateral fence to a cattle-guard, the liability of the company would doubtless seem plainer; but we think the case at bar was equally for the jury.

Order affirmed.