RIDDLE v. FLETCHER.

1. **Appeal:** LESS THAN $100: QUESTIONS OF FACT NOT DETERMINED. This court has jurisdiction to determine only questions of law properly certified for that purpose, in cases involving less than $100; and where the question certified is really one of fact, as in this case, (see opinion,) the appeal must be dismissed for want of jurisdiction, even though that point is not raised by counsel.

*Appeal from Ida District Court.*

FRIDAY, OCTOBER 7.

THIS is an ordinary action for the recovery of a commission for the sale by plaintiff of a parcel of real estate for defendant.   The district court rendered judgment for the amount claimed, and defendant appeals.

*E. Willard*, for appellant.

*Warren & Buchanan*, for appellee.

REED, J.—The amount involved in this action is but eighty dollars, and the cause came into this court on the certificate of the trial judge to the effect that it involved a question of law upon which the opinion of this court is desired. Plaintiff's claim is for compensation for service in effecting a sale of real estate for defendant. The business was transacted by the parties by correspondence, and the substance of the several letters which passed between them is set out in the certificate. The question which we are asked to determine is whether, upon the facts of the transaction as shown by the correspondence, defendant is liable to plaintiff for the value of his services in negotiating the sale. But that is clearly a question of fact. Defendant would be liable for the value of the services if he expressly requested plaintiff to render them, or expressly promised to pay for them, or if they were rendered under such circumstances that a promise to pay for them would be implied. But whether there was an express request or promise is a question of fact, as is also the question whether the services were rendered under such circumstances as that a promise would be implied. Under the statute, therefore, we have no jurisdiction to determine the question certified. This question was not raised by counsel, but, being jurisdictional, the court will take notice of it, even though not raised.

The appeal must be

DISMISSED