GEORGE S. TUCKER, Appellant, v. JAMES H. ANDERSON.

**Appeal Certificate.** Must be complete in itself. It must show that the question certified involves matter to be determined, which would be conclusive of the rights of the parties; and all questions of fact connected with the question of law involved, must be determined below, and not left to the determination of this court.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

WEDNESDAY, APRIL 8, 1896.

ACTION upon a written guaranty of payment indorsed on a promissory note. There was a trial to the court, without a jury, and a judgment was rendered for the defendant, for costs. Plaintiff appeals.—*Dismissed.*

*John E. Craig* for appellant.

*I. N. Waggonner* for appellee.

ROTHROCK, C. J.—I. This action involves less than one hundred dollars, as shown by the pleadings, and the case is presented in this court upon a certificate, signed by the judge within the proper time. The certificate is as follows: "I, J. M. Casey, district judge, First judicial district of Iowa, do hereby certify that upon the trial of the above entitled cause, the following question of law arose, upon which it is desirable to have the opinion of the supreme court of the state of Iowa, to-wit: The note sued upon bears the following indorsement by the payee, 'Pay to the order of J. M. Law, and I guarantee the payment of the within by April 15th, 1892. James H. Anderson.'

This indorsement was made after the maturity of the note, and at the time of its transfer to indorsee, Law. The time òf the sale, and indorsement by Law, to plaintiff, was before the expiration of the time fixed in above guaranty, and at that time plaintiff presented the note and guaranty to guarantor, Anderson, and asked if that was his signature, and whether the note would be paid. Guarantor Anderson said it was his signature, and the maker would pay it by the time fixed in guaranty. Is the guarantor bound by the guaranty at the suit of plaintiff, an indorsee of Law, the immediate indorsee of guarantor, Anderson? Which question, being presented to the court in the proper way, and in the proper time, is hereby certified to the supreme court for its opinion. J. M. Casey, District Judge." It is provided by section 3173, of the Code, that no appeal shall be taken to this court, "in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed one hundred dollars, unless the trial judge shall certify that such cause involves the determination of a question of law, upon which it is desirable to have the opinion of the supreme court." It will be observed that the certificate above set out does not state that the question certified involves a question necessary to be determined as conclusive of the rights of the parties. The certificate is merely to the effect that a question of law arose upon the trial. Whether it was a mere collateral question, or one necessarily involved as affecting the merits of the case, does not appear.

II. The record shows that the parties introduced a number of witnesses who testified to the facts and circumstances under which the plaintiff became the owner of the note. And there was a dispute as to whether the plaintiff called upon Anderson and made inquiry of him as to his guaranty before the plaintiff

purchased the note. There was a decided conflict in the evidence on this question. In the statement of facts in the above certificate it does not appear whether the court found that the plaintiff bought the note on the faith of the representations made by Anderson. We do not determine whether this question was material or not to the parties. It appears that it was regarded as important by the appellant. This court has repeatedly held that in appeals of this class of cases the certificate authorizing the appeal must be complete in itself. The question of fact necessary to be considered in connection with the question of law involved must be decided by the district court, and not left for the determination of this court. See *Riddle v. Fletcher*, 72 Iowa, 454 (34 N. W. Rep. 290); *Hudson v. Railroad Co.*, 59 Iowa, 581 (13 N. W. Rep. 735), and other cases to be found in our digests. The case demands no further consideration and it is DISMISSED.