LOUIS BENARD *vs.* WOONSOCKET BOBBIN COMPANY.

PROVIDENCE—FEBRUARY 10, 1902.

| 23 581 |
| e26 209 |

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Negligence.*

A declaration averred in two counts that plaintiff was injured from falling upon ice on a sidewalk, which ice had formed from water (1) which, negligently collected upon its premises by its own act, defendant allowed to escape to the sidewalk in freezing weather; and (2) which it negligently permitted, so collected and under its control, to escape and become a nuisance. On demurrer :—

*Held*, that the declaration stated a case.

NEGLIGENCE. Heard on demurrer to declaration. Demurrer overruled.

STINESS, C. J. The plaintiff sues to recover damages for injuries sustained from falling upon ice on a sidewalk, which

ice had formed from water that came from the defendant's premises.  The declaration has three counts, and the defendant demurs to the first two counts.

(1)    The first count alleges that the defendant negligently allowed water, collected upon its premises by its own act, to escape to the sidewalk in freezing weather, whereby it became unsafe, etc. ; and the second count that it negligently permitted water so collected and under its control to escape and to become a nuisance.

The defendant's argument assumes that the water complained of was surface water, because the declaration fails to state that it was not.

We do not think that the distinction is material, because the declaration avers that the water had been gathered or collected on the defendant's premises by its own act ; thereby rebutting the inference that it was simply water which had fallen upon the land and flowing from it, since this would not be a gathering and collecting of water.

The gravamen of the count is the gathering and discharging of water, which may be from other land, or storing, as in a reservoir, of water from one's own land.

In either case, one who should so gather and discharge water would be liable.  *Inman* v. *Tripp*, 11 R. I. 520 ; 24 Am. & Eng. Ency. Law (1st ed.) 927, 928, and cases cited.

While one may change the surface of his land, and thereby change the flow of water, without being liable therefor, he cannot collect water upon his land and discharge it in a volume upon another's.  *Wakefield* v. *Newell*, 12 R. I. 75.

The first count therefore states a case of illegal collection and discharge of water as between adjoining owners, so that the remaining question is whether it is negligence so to turn it into a highway " when by reason of the elements the same would quickly become ice," and " did remain thereon until it became and was ice and until the sidewalk, by reason of the ice so formed thereon, became and was slippery, unsafe and dangerous for travel," whereby the plaintiff was injured, etc.

This allegation is substantially the same as that in *Lee* v. *Union R. R. Co.*, 12 R. I. 383, where it was charged that

the defendant had wrongfully and unlawfully made and deposited and suffered to remain in the street large heaps of snow and ice, which made the street unsafe for travel. On demurrer the declaration was sustained, although the point argued was, as the accident was caused by the running of the horse frightened by the pile of snow, whether the pile was the proximate cause of the injury. In *Sneeson* v. *Kupfer*, 21 R. I. 560, a demurrer to the declaration was sustained because it did not state that the obstruction complained of was caused by any act of the defendant. The plain import of both cases is that one who does an unlawful act which makes a highway dangerous, is liable on the ground of having created a nuisance. The turning of water upon a highway without right, in icy weather, when it would be likely to freeze and become dangerous, is, in our opinion, an act within the principle of these cases. It makes a place dangerous which otherwise would not be so. We think, therefore, that the first count states a case.

The second count is similar in its statement, and the only difference which we are able to see is that this count characterizes the act complained of as constituting a nuisance. We have already referred to this as the basis of a right of action, and hence the count is covered by what we have said about the first count.

The demurrers are overruled.

*J. M. Brennan* and *R. E. Lyman* for plaintiff.
*Van Slyck & Mumford*, for defendant.

