R. C. SIGLIN, Appellant, v. CHICAGO & NORTHWESTERN
RAILWAY COMPANY.

**Railroads:** INJURY TO BRAKEMAN: NEGLIGENCE: PRESUMPTION.   Where
a passenger brakeman, whose duty required him to observe the
condition of his train, was injured by a stick protruding from
the platform of a car while he was standing by a switch, and
it appeared that prior to the accident he was on the platform
and did not see it, nor was its presence there known to any of
the employees until after the accident, no presumption arose that
the stick was placed there through the negligence of the com-
pany or any of its agents.

**Same:** NEGLIGENCE.   Where it appeared that blocking the end of a

guard rail, over which plaintiff stumbled while attempting to operate a switch, would have increased rather than diminished the danger of stumbling, and that it was impossible for him to have caught his foot between the main rail and the guard rail, negligence can not be predicated on a failure to block the guard rail.

**Same.** It is also held that the company was not negligent in using the track in question on account of its proximity to a viaduct post against which plaintiff was thrown and injured.

*Appeal from Tama District Court.*—Hon. J. M. Parker, Judge.

Wednesday, May 10, 1911.

Action to recover damages for a personal injury. There was a directed verdict for the defendant and a judgment thereon. The plaintiff appeals. *Affirmed.*

*Willett & Willett,* for appellant.

*Struble & Stiger, James C. Davis, George E. Hise,* and *A. A. McLaughlin,* for appellee.

Sherwin, C. J.—The plaintiff was an experienced passenger brakeman in the employ of the defendant, and was injured while assisting in turning his train on a Y in the yards at Sioux City. When turning the train, it was the plaintiff's duty to throw the switches before the train passed over them, and to line them up afterwards. The accident occurred in the forepart of January, 1908. On the day of the accident the train reached Sioux City from Tama about 6 o'clock in the evening, and, after discharging its passengers, the plaintiff, with the conductor and other employees, proceeded to the Y for the purpose of turning the train around preparatory to its return to Tama the next day. A viaduct, supported by posts, crossed

the tracks used for turning the train, and one of these posts stood four feet away from the east rail of the track so used. Four feet south of this viaduct post there was a switch stand that controlled the rails on the end of one of the legs of the Y. The train was backed towards this switch, and the plaintiff threw the switch for it to pass onto the other track. He stood by the switch stand until some of the cars had passed, and then stooped to pick up his lantern, when something caught him on the neck, and carried him forward. He testified that he ducked to get from under it, and it slipped over his head and threw him against the car; that he was falling between the cars and caught hold of the hand rod on the car; that, as he caught that rod, he stumbled, his hand was jerked loose, and he was thrown against the viaduct post and crushed and rolled through there, and then dropped on the other side, where his hand was caught under the wheels. Between the east rail of the track under the viaduct and the viaduct posts there was a guard rail, placed there for the protection of the viaduct. It was eight inches from the main rail and unblocked, and the plaintiff testified that he stumbled over its end at the time he was thrown against the viaduct post. After the accident, a wood slat, similar to an ordinary bed slat, was found on the platform of the south end of the smoking car, the end of the slat projecting east therefrom about eighteen inches. The plaintiff testified that he was caught by this slat. He alleged that the defendant was negligent in permitting the slat to so project from the car; that it was negligent in having the switch stand improperly located with reference to the viaduct post; that there was negligence in failing to block the guard rail, and negligence in placing the railroad track so close to the viaduct post.

It must be conceded, for the purposes of this case, that the plaintiff was caught and carried along by the slat that was afterwards found on the platform of the car. But there is not the slightest evidence that the defendant

was in any way responsible for its being there, or that it was negligent in not knowing that it was there. It was a part of the duty of the plaintiff to look out for the presence of such things on the train, and just before the train left the depot in Sioux City for the purpose of turning around the plaintiff was on the same platform, and says that the slat was not then there. He was on the platform again only a few minutes before the accident, and the slat was not in sight then. The only employees of the defendant engaged on the train at the time besides the plaintiff were the conductor, the engineer, and the fireman. The two latter were on the engine all of the time, and the conductor, who was assisting the plaintiff, testified that the slat was not on the platform when the train left the depot. The baggage car had been locked while at the depot, but the plaintiff testified that he saw a car cleaner in there after they had started, and that a car repairer was in the smoking car as they backed down towards the switch. But neither of these men were at work in the cars, nor did they have any slats or tools with them. In a word, there is no evidence even tending to show that any employee of the defendant placed the slat on the platform, or knew that it was there until after the accident. No presumption arises that it was placed there by any agency of the defendant. *Baldwin v. Railway Co.*, 68 Iowa, 37; *O'Connor v. Railway Co.*, 83 Iowa, 105; *Brownfield v. Railway Co.*, 107 Iowa, 254.

*1. RAILROADS: injury to brakeman: negligence: presumption.*

The plaintiff does not claim that he caught his foot between the main rail and the guard rail, but that he stumbled over the end of the guard rail. A failure to block could not, therefore, be a proximate cause of his injury. Blocking at the end of the rail would have increased rather than diminished the danger of stumbling. Nor was there negligence in not block-

*2. SAME: negligence.*

ing it, because the evidence conclusively shows that it would be impossible to catch a foot between the two rails.

Nor do we think there is evidence showing negligence in the location of the railroad track and guard rail with reference to the viaduct post.  The east rail of the main track, as we have said, was four feet from the viaduct post, and the guard rail was three feet and four inches therefrom.  The side of an ordinary passenger car extends about two and one-half feet over the rail, which would leave eighteen inches between a car and the post, clearance sufficient for passage under ordinary circumstances.  It is not shown that it is ever necessary for passenger brakemen to climb to the top of their cars on the side thereof.  Indeed, the plaintiff testified that it had never been necessary for him to go beyond the switch stand south of the viaduct post.  The conductor's place, when they were turning trains on the Y, was on the rear platform of the rear car, and it was not necessary for any of the defendant's employees to go beyond this post except when on the train.  The defendant did not use the track for any other purpose, it being owned by another company. It clearly was not negligence to use this track as the defendant did use it.  In the view we take of the case, it is not necessary to discuss questions of proximate cause and the assumption of risk.  We think the defendant is not shown to be negligent, and the judgment is therefore *affirmed*.

3. SAME.