GEORGE EISENTRAGER, Appellant, v. GREAT NORTHERN RAILWAY COMPANY, Appellee.

NEGLIGENCE:   Evidence—Similar Facts or Transactions—Custom.
1   Conceding, *arguendo*, the admissibility of evidence of a general custom of railway engines to discharge water at a certain place, as tending to prove that such engines discharged the water which formed the ice in question, yet such concession cannot embrace evidence which affords the jury simply a chance to *guess* at what *point* and in what *manner* other engines did cast such waters.

TRIAL:   Direction of Verdict—Power of Court—Change in Rulings.
2   Principle recognized that a trial court may change its trial rulings.

RAILROADS:   Injuries to Person Near Tracks—Accumulation of Ice
3   —Notice. Lack of notice to a railway company of a nuisance created by itself, is no defense to an action for damages caused

by such nuisance. So held as to water cast upon a sidewalk near the tracks, resulting in an accumulation of ice.

**APPEAL AND ERROR:** Harmless Error—Wrong Ground for Correct
4 Decision. Principle recognized that, if a motion be rightly sustained on any grounds presented, the erroneous sustaining of other grounds is harmless error.

**RAILROADS:** Injury to Person Near Tracks—Res Ipsa Loquitur—
5 Non-Application of Doctrine. The doctrine that, if an injury is suffered because a railway locomotive has done something unusual, it may be presumed therefrom that the locomotive was defective through negligence,. does not, in favor of one who was injured by falling upon ice on a sidewalk near the railway tracks, and who sought to recover therefor, supply the lack of evidence that the engine actually cast upon the walk the water which formed the ice, by authorizing the jury to infer said fact from the extent and shape of the ice.

**RAILROADS:** Injuries to Persons Near Track—Accumulation of Ice
6 —Evidence—Sufficiency. One carrying the burden to show that a railway company is responsible for an accumulation of ice on a sidewalk near its tracks, does not meet such burden by showing that the company is *possibly* responsible therefor; nor is such burden met when the evidence is in such equipoise that defendant's theory of nonliability is equally possible with plaintiff's theory of liability. In such condition of the record, no jury question is presented.

*Appeal from Lyon District Court.*—WILLIAM HUTCHINSON, Judge.

WEDNESDAY, DECEMBER 13, 1916.

SUIT for personal injuries sustained. Through the town of Alvord, the track of defendant runs north and south. Along its west rail lie two planks, about 6 feet long, and some 22 inches wide. Adjoining these planks and running west, is a cement walk, about 6 feet wide. During the evening of February 28, 1913, in freezing weather, some ice had formed upon this walk, and some 2 feet west of the west rail. The ice was some 2 feet wide, and at about that width, lay across this walk. Plaintiff fell upon this ice, at a point a little to

the west of the planks, and sustained serious injuries. He contends that servants of the defendant created the ice by negligently causing water to be discharged by a locomotive and to flow upon the walk. From verdict directed against him, plaintiff appeals.—*Affirmed.*

*S. D. Riniker,* for appellant.

*J. L. Kennedy* and *E. C. Roach,* for appellee.

SALINGER, J. I.—Certain testimony was taken against the objection of the *appellee.* We have the question whether, though erroneously admitted, it still must be considered on the question of whether there was sufficient evidence to send the case to the jury.

1. NEGLIGENCE: evidence: similar facts or transactions: custom.

A fair summing up of it is that, both before and after the injury complained of, locomotive engines of defendant cast water, in some manner and in some amount, near this walk—possibly upon it. There is no testimony—at any rate, none in terms—that this was done during freezing weather. Appellant contends this testimony establishes a custom, and that such custom is competent to go to the jury on whether the negligence charged was proved. The following citations are made in support: *Kolsti v. Minneapolis & St. L. R. Co.,* 32 Minn. 133; *Nadau v. White Riv. Lbr. Co.,* 76 Wis. 120; *Cass v. Boston & L. R. Co.,* 14 Allen (Mass.) 448; *Holly v. Boston Gas L. Co.,* 8 Gray (Mass.) 123, at 133; *Jochem v. Robinson,* 72 Wis. 199, 202–3; *Earl v. Crouch,* 16 N. Y. S. 770; *Houston & T. C. R. Co. v. Cowser,* 57 Tex. 293; *Carter v. Sioux City Serv. Co.,* 160 Iowa 78; *Cleveland, C. C. & I. R. Co. v. Newell,* 75 Ind. 542, at 545; *Harriman v. Pittsburgh, C. & St. L. R. Co.* (Ohio), 12 N. E. 451; *Chicago, M. & St. P. R. Co. v. Carpenter* (C. C. A.), 56 Fed. 451; *McGee v. Missouri Pac. R. Co.* (Mo.), 4 S. W. 739, at 740, citing Wood, Master & Servant, Sec. 401; Lawson, Custom, 41, 42; *International & G. N. and Missouri Pac. R. Cos. v. Gray,* 65 Tex. 32;

*Tibby v. Missouri Pac. R. Co.,* 82 Mo. 292; 299; *Maynard v. Buck,* 100 Mass. 40; *McKean v. B. C. R. & N. R. Co.,* 55 Iowa 192; *Auld v. Southern R. Co.* (Ga.), 71 S. E. 426; *Brassell v. New York Cent. & H. R. R. Co.,* 84 N. Y. 241; *Wood v. Lake Shore & M. S. R. Co.,* 49 Mich. 370, 372; *Fuller v. Naugatuck R. Co.,* 21 Conn. 576; *Schultz v. Chicago & N. W. R. Co.,* 44 Wis. 638; *Sutherland v. Troy & B. R. Co.,* 74 Hun (N. Y.) 162; *Pennsylvania Co. v. Stoelke,* 104 Ill. 201; *Chicago, R. I. & P. R. Co. v. Clark,* 108 Ill. 113; *Davis v. City of Corry* (Pa.), 26 Atl. 621; *Eureka Ins. Co. v. Robinson,* 56 Pa. St. 256, at 264; 1 Elliott Ev., Sec. 109, resting on *Shove v. Wiley,* 18 Pick. (Mass.) 558, 561; *Vaughan v. Raleigh & G. R. Co.,* 63 N. C. 11; *Ashe v. De Rosset,* 8 Jones (53 N. C.) 240. A large part of these hold, in effect, that it may bear on negligence or contributory negligence that what is complained of was usual; others, that one who establishes a usage must anticipate that others will act in reliance upon such usage. All have been carefully read, and it will serve no useful purpose to analyze them here. Suffice it to say, none of them hold that *negligent* throwing of water by one engine at a stated time and upon a stated place may be proven by showing that other engines *in some manner* cast water at different times near and, by possibility, upon that place.

Then there is a dictum by way of argument in *Wheelan v. Chicago, M. & St. P. R. Co.,* 85 Iowa 167, 172, that, if the evidence had not disclosed that a car door in question had been loose and swinging several times prior to the accident, and once after it on the same trip, there would have been no claim that its hasp was the cause of the accident. Lastly, there is *Grand Trunk R. Co. v. Richardson,* 91 U. S. 454, 471, in which language is used tending to sustain the contention of appellant. In effect, the case is a holding that, where an engine crosses a bridge shortly before that bridge is fired, then, evidence that, in passing, other engines had scattered fire, has some probative weight on the ultimate issue to be determined. The case seems to stand alone. It concedes that

some cases oppose its rule; that such evidence is, "of course, indirect evidence, if it be evidence at all;" and finally it is pointed out that the testimony was probably rebuttal, and that a special rule prevails as to rebuttal. As will presently appear, it makes some pronouncements which oppose the effect of its language. It holds that, where a fire occurs which causes the destruction of a building in a dry time, when there is a high wind, and when more than ordinary vigilance is demanded, it is incompetent to show that the usual practice of railroad companies in that section of the country was not to employ a switchman for bridges like the one destroyed by fire and causing the burning of the building, and that the usual practice of others in that section of the country sheds no light on the duty of defendant when running locomotives over long wooden bridges in near proximity to a frame building, when danger was more than commonly imminent. It is said, in *Brown v. White* (Pa.), 51 Atl. 962, that, unless it be shown to have been necessary, it will not avoid liability for injury caused by draining water from the house of defendant over the sidewalk through an uncovered drain, and thus forming a ridge of ice, that in that borough it was customary thus to drain water. 3 Elliott on Evidence, page 1001, citing *Aiken v. Holyoke St. R. Co.* (Mass.), 68 N. E. 238, and *Kingston v. Ft. Wayne & E. R. Co.* (Mich.), 74 N. W. 230, states that evidence that either the plaintiff or defendant was negligent at other times, or as to his habits concerning carefulness, is generally incompetent; and in Section 2506, that the better rule is that evidence of previous accidents at the same place is, ordinarily at least, not admissible to prove negligence at the time in question; that, while evidence of prior accidents may sometimes be admissible in some cases on the question of notice, it raises too many distinct and collateral issues; that evidence that there were or were not prior accidents is of very little, if any, probative value, unless there be put in all the facts and conditions existing at such other times; and that this is usually unnecessary,

because the facts in regard to the conditions and circumstances at the time in question are susceptible of direct proof. In *Peoria & Pekin Union R. Co. v. Clayberg*, 107 Ill. 644, evidence was excluded to the effect that deceased, charged with contributory negligence, was in the habit of jumping on trains. In *Hudson v. C. & N. W. R. Co.*, 59 Iowa 581, we said that evidence to the effect that, a day or two after the accident, the employees of defendant changed the crossing in such manner as to avoid the defect complained of, could have no other purpose than to establish an admission on the part of defendant of its own negligence at the time of the accident; and that this evidence was not admissible for any purpose, because it was an admission made by employees, after the transaction which constituted the principal one. In *Mathews v. City*, 80 Iowa 459, at 466, we felt constrained, by reason of the *Hudson* case, to exclude evidence to the effect that other parties had fallen into the same opening into which plaintiff had, and that defendant had been informed of this. In *Croddy v. Chicago, R. I. & P. R. Co.*, 91 Iowa 598, at 605, on the authority of the *Hudson* case, we sustain the exclusion of testimony that stock had frequently been killed at a certain crossing where the injury in that suit was claimed to have happened. In *Langhammer v. City of Manchester*, 99 Iowa 295, at 297, 298, plaintiff was injured by slipping on a step, and we held that it was not permissible to show that others had slipped on the same step prior to the accident in suit, and said:

"Whatever may be the rule in other jurisdictions, it is well settled in this state that in such a case evidence of similar disconnected acts is not admissible."

In *Kirchoff v. Hohnsbehn's Cry. Sup. Co.*, 148 Iowa 508, at 513, we ruled that it was inadmissible to show that, during 18 years, no one had before been hurt by the planer involved in that suit. And see *Gulf, C. & S. F. R. Co. v. Evansich*, 61 Tex. 3, at 6, and Black, Law & Pr. in Accident Cases, Sec. 193.

1-a

All said would be relevant if appellant had a stronger showing. But he does not have as much as evidence that the thing charged here was customarily done before, and at the same place. The effect of evidence of a general custom to have defendant's locomotives discharge water so that it would flow upon this walk, is not here for decision. The most this jury had was a chance to guess at what point and in what manner other engines cast water. It follows that the objection's made—incompetent, irrelevant and immaterial—should have been sustained. This conclusion turns into academic inquiries certain contentions, even if these were well made.

It may be conceded that the directing of the verdict for defendant operated to change the ruling excluding this testimony. The trial court had power to change its trial rulings.

2. TRIAL: direction of verdict: power of court: change in rulings.

*Standish v. Dow*, 21 Iowa 363, at 369; *Jenkins v. Shields*, 36 Iowa 526; *McClain v. Capper*, 98 Iowa 145; *Van Werden v. Equitable L. A. Society*, 99 Iowa 621, at 623. In *Littleton v. People's Bank*, 95 Iowa 320, a change of opinion was effected by directing a verdict. That all said decisions involve a change of front on rulings on demurrer, is purely adventitious. They attach no weight to the fact that a particular ruling was changed, and the principle they establish is that, no matter what the first ruling is, the court is not concluded thereby, from holding otherwise at some subsequent time when the same questions legitimately arise, is "not required to follow the first ruling against his conviction." *Norton v. Knapp*, 64 Iowa 112; *Richman v. Supervisors*, 77 Iowa 513, at 524, 525. In *Brown v. Cunningham*, 82 Iowa 512, at 514, it is said:

"Decisions are not to be regarded as unalterable without regard to their correctness. However desirable it may be to have consistency in the decisions of a court in the same case, it is better that the court correct its errors, if in its judgment any have occurred."

In *Campbell v. Park*, 128 Iowa 181, we hold that, if verdict should not have been directed had testimony not been erroneously rejected, we may consider the excluded testimony on reviewing the direction. It would seem to follow that, if we find testimony was improperly received, we may proceed as though it had never been put in. And we have settled, in *Ford v. Dilley*, 174 Iowa 243, Division II, that appellee may have us determine now whether any error was committed against him, if now correcting such error will make the judgment below a right judgment. But, as said, all this is moot. Immaterial matter has no probative value. Present or out, immaterial matter cannot affect our investigation on the sufficiency of the testimony against a motion to direct verdict, and we shall resolve that question without considering said testimony.

3. RAILROADS: injuries to person near tracks: accumulation of ice: notice.

II. Defendant's motion for a directed verdict was sustained generally, and this sustains the following grounds, among others:

(a) Defendant is not shown to be charged with any duty with reference to the ice on the sidewalk.

(b) There is no evidence that the ice had been there so long that defendant should and could have known of and removed it.

(c) The town was not liable, and no greater degree of care is required of defendant than of the town.

(d) The ice was not of such nature "that its presence on the sidewalk constituted negligence on part of defendant."

(e) The evidence fails to show plaintiff was free from contributory negligence.

These should have been overruled. It seems to us that defendant was charged with a duty concerning ice on this walk; that is to say, it had no right negligently to put water there in freezing weather. If it did, the assertion that it lacked notice of a nuisance created by itself is no defense. Concede that defendant was under no greater liability than

the town would be for an accumulation of ice upon this walk. But the town would be liable without direct notice or notice through long continuance, if it put the ice upon the walk. We are unable to understand the claim that, "under the undisputed evidence, the ice was not of such nature that its presence on the walk constituted negligence on the part of the defendant." If defendant was responsible for the presence of the ice, there was nothing in the nature of the ice that absolved from such responsibility. We think, too, if defendant was negligent, the question of contributory negligence was for the jury. But if the motion was rightly sustained on any ground presented, the erroneous sustaining of other grounds is harmless error. Appellee has abandoned all these points in the motion. But they lead appellant into meeting them. This justifies many citations which accomplish nothing beyond meeting said points. However, they only demonstrate that an abandoned position is untenable, and are no longer of use.

4. APPEAL AND ERROR: harmless error: wrong ground for correct decision.

III.   The appellant cites *Scott v. London & St. K. D. Co.*, Exchequer Chamber, 13 Law Times Reports (N. S.) 148; *Louisville & N. R. Co. v. Simrall* (Ky.), 104 S. W. 1011 (104 S. W. 1199); *Louisville & N. R. Co. v. Clark* (Ky.), 106 S. W. 1184; *Dahlin v. Walsh*, 192 Mass. 163 (77 N. E. 830); *Gulf, C. & S. F. R. Co. v. Wood* (Tex.), 63 S. W. 164; *Kearney v. London, B. & S. C. R. Co.*, L. R.; 5 Q. B. 411; *Union Pac. R. Co. v. Erickson*, 41 Neb. 1 (59 N. W. 347); *Gee v. Metropolitan R. Co.*, Q. B. Ex. Chamber, Vol. 42 Law Journal (1873), page 105; *Pennsylvania R. Co. v. McTighe*, 46 Pa. St. 316, 319; *Hynes v. Brewer* (Mass.), 80 N. E. 503; *Hill v. Winsor*, 118 Mass. 251; *Carter v. Sioux City Serv. Co.*, 160 Iowa 78; *Savage v. Chicago, M. & St. P. R. Co.*, 31 Minn. 419 (18 N. W. 272); *Chicago & A. R. Co. v. Nelson* (Ill.), 38 N. E. 560; *Tiborsky v. Chicago, M. & St. P. R. Co.* (Wis.), 102 N. W. 549.

He claims for them that *res ipsa loquitur* may be invoked here, because the extent and shape of the ice, and the fact that it presented a straight edge next to the rail, in and of

5. RAILROADS: injury to person near tracks: *res ipsa loquitur:* nonapplication of doctrine.

themselves make it a jury question whether the ice was not due to the negligence charged. It is a fair general analysis of the cases cited to say that, if injury is suffered because a machine or other thing has done something unusual, it may therefrom be presumed that the machine or appliance was defective through negligence. For illustration, engines kept in proper repair do not usually explode, and if rails are kept in proper condition, trains are not usually derailed. Therefore, an explosion or derailment raises a presumption that those charged with the care of engine or rails have failed in that duty. To apply these here is to beg the question. It would not be indulging a presumption that machinery which did a certain thing was negligently kept, but that the engine did that thing. If we must hold that appellant has no evidence of what the locomotive of defendant did, he may not obtain that evidence by saying that, if the locomotive did do a certain thing, negligence will be presumed, and, therefore, we should presume that it did that thing. The cases cited make plain this distinction or limitation. And see *Tiborsky's* case (Wis.), 102 N. W. 549.

IV. Plaintiff was injured by falling upon ice which lay as a glassy sheet upon a cement walk which connected with the west rail of defendant's road, at a point close to that

6. RAILROADS: injuries to persons near track: accumulation of ice: evidence: sufficiency.

rail. The petition alleges that he was injured about 9:30 at night. His theory is that the ice was formed from water discharged by one of defendant's locomotives. If that is so, it must have been done by the one attached to a train due to go south about 7:30, which left about that time on the day of the injury. For the only other train on the night of that day went north about 10; those who passed over the walk both shortly before and after that train left found no ice;

plaintiff seems to have been injured before that train arrived; and, if the engine going south could cast water to form the ice on which plaintiff fell, one going north could not thus cast it. There is much testimony from which it may be found that the engine going south is not to blame, because those passing over the walk both shortly before and after that engine came and went, found no ice. The court below attached much importance to it that no one saw that engine cast any water that night. We think that, though this is so, still the engine south bound *might* have been responsible for the formation of this ice. But defendant contends, and there is evidence to sustain the theory, that the ice may have been formed through the careless handling of water that people were in the habit of carrying from a nearby hydrant, and over this walk. In essence, the vital claim of appellant is that the ice formation was of such shape and size, and so clearly terminated where the walk joined the rail, as that, at the least, it was for a jury to say whether the ice was due to a negligently kept locomotive, carelessness of those who handled it, or both. The most we can find is that the theory of neither party presents an impossibility—that it is possible the ice was formed as appellant contends, and equally so that it was due to water spilled by those who brought it from the hydrant. Appellant has the burden. The burden of what? The petition charges negligence in that water was thrown or deposited "sometime during the day or evening" of February 28, 1913. Also, that this was done by servants operating one of defendant's trains, and that these servants threw or deposited the water there, "carelessly and negligently" or "carelessly or negligently." The essential ruling below was that the evidence wholly fails to show that defendant was negligent as charged, and that, on the whole case, a verdict must be directed under the rule of *Meyer v. Houck*, 85 Iowa 319. The utmost appellant has done is to show that it is possible that defendant was guilty as charged. He has nothing that excludes the equal possibility that at least one other

cause for which defendant is not responsible may have been the cause of the injury.

We agree, of course, that, when facts and circumstances are such that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, there is a case for a jury. But it is one thing to have a state of facts from which differing conclusions may reasonably be drawn; quite another, to hold that one who has the burden of proving a given conclusion has discharged the burden by showing that a theory which sustains him is a possible one, if it also appear that a theory upon which his adversary would not be liable is just as possible. Any death may by possibility be due to murder, but no jury should find murder to be the cause of death merely because death is proven. Most deaths are not caused by murder, and something would be required upon which reasonable minds might base the conclusion that a murder has been done. We concede that, ordinarily, it is for the jury whether a claim is supported by a preponderance. But this is not so when all must agree that the case for him who has the burden is not as strong as, or at any rate is not stronger than, that of his opponent. We have, in many cases where the proof for the one having the burden was stronger than here, or at least as strong, held that there was no question for a jury; that the burden of proof was not discharged, because, at best, the testimony was in equipoise, and, therefore, as matter of law, the one having the burden should not prevail, because his evidence did not preponderate. See *Asbach v. Chicago, B. & Q. R. Co.*, 74 Iowa 248; *Neal v. Chicago, R. I. & P. R. Co.*, 129 Iowa 5; *O'Connor v. Chicago, R. I. & P. R. Co.*, 129 Iowa 636; *Gibson v. Iowa Cent. R. Co.*, 136 Iowa 415, at 418; *Siglin v. Chicago & N. W. R. Co.*, 151 Iowa 290, 292. The same view is taken in many well considered cases decided in other jurisdictions. *Reynolds v. Burgess* (N. H.), 59 Atl. 615; *Smith v. New York Cent. & H. R. R. Co.* (N. Y.), 23 N. E. 990; *Bernhardt v. Western Pa. R. Co.* (Pa.), 28 Atl.

140; *Serviss v. Ann Arbor R. Co.* (Mich.), 135 N. W. 343, 345, 346; *Louisville & N. R. Co. v. Clark* (Ky.), 106 S. W. 1184; *Larson v. St. Paul & D. R. Co.* (Minn.), 45 N. W. 1096; *Louisville & N. R. Co. v. Binion* (Ala.), 14 So. 619. Though the *Serviss* case, supra, approves the case of *Scholtz v. Interborough R. T. Co.*, 95 N. Y. S. 557, the approval does not affect the question now before us. The *Scholtz* case merely determines a correct rule concerning what is reasonable notice —that it may be a jury question whether there was constructive notice, although a gate lying on a station platform is not shown to have been there for any considerable length of time. The general proposition declared by all these cases is fairly and typically stated in some of our own, above mentioned. In *Gibson's* case, 136 Iowa, at 418, we say:

"The burden was upon plaintiff to show, not only that his mare was killed by a passing train, but that this killing was due to the negligence of defendant's employees. It is not enough for him to show that this might perhaps have been the cause of the injury."

The *Neal* case, 129 Iowa 5, 9, 10, declares, on the authority of *Rhines v. Chicago & N. W. R. Co.*, 75 Iowa 597, that the test is whether the conclusion sought to be drawn is or is not equally consistent with some theory other than the one advanced by him who has the burden of proof; that, if one surmise that may be made is as tenable as the one insisted on, the theory relied on is not sustained by a preponderance. And it is further said:

"A theory cannot be said to be established by circumstantial evidence . . . unless the facts relied upon are of such nature and so related to each other that it is the only conclusion that can fairly or reasonably be drawn from them. It is not sufficient that they be consistent merely with that theory, for that may be true and yet they may have no tendency to prove the theory. This is the well settled law."

Following the *Asbach* case and the *Rhines* case, supra, we say, in the *O'Connor* case, 129 Iowa, at 638:

"The law on this point is well settled. Proof of the defective condition of the car, and of the death of the intestate, due to his being run over by the car, is not sufficient to take the case to a jury. In other words, the burden of proof was upon plaintiff to show causal connection between the alleged negligence and the injury complained of. And where the proof is equally balanced, or the facts are as consistent with one theory as another, plaintiff has not met the burden which the law casts upon him. Of course, plaintiff is not required to produce more than a preponderance of the testimony; but if his evidence does no more than create a surmise or conjecture, he cannot recover. Proof of causal connection may be direct or circumstantial, but the evidence must be something more than consistent with plaintiff's theory as to how the accident occurred. These rules are well supported by our cases."

To like effect are *Tibbitts v. Mason City & Ft. D., etc., R. Cos.,* 138 Iowa 178, 185, 186, and *Helgeson v. Higley Co.,* 148 Iowa 587, at 591, 592.

We think the ruling below is supported because, as matter of law, the plaintiff's case never got beyond, if it got as far as, proof in equipoise.

Related to this situation is the further fact that, so far as the testimony speaks to the point at all, the water projected from any of the defendant's locomotives came from a little pipe somewhere close to the rails. As said, an engine south bound is to blame if any engine is. If facing south, this pipe would be on what is then the east side of the engine; therefore, as there is evidence that the planks between the rails and the cement walk had a slope west, and that there was no ice upon them, all of the evidence would not merely *fail to prove* that this particular engine cast the water complained of, but would furnish affirmative proof to the contrary. For water starting on the east side of the track in freezing weather could not cross the track and the planks and freeze upon the cement walk to the west without leaving at

least traces of ice upon the plank. As there is as much evidence that the water came from a pipe on the east side of the engine south bound as there is that the pipe was on the west side of the engine, it is not only possible to find a theory which fails to sustain the plaintiff, but, with like right, to surmise one under which it would affirmatively appear that defendant was not liable. All of which brings the case within the rule of *Wheelan v. Chicago, M. & St. P. R. Co.,* 85 Iowa 167, which, while often cited for the proposition that equipoise will not discharge burden of proof, and so cited in the *O'Connor* case, supra, is none the less no more than a decision that the evidence in the *Wheelan* case shows, affirmatively, that it was a physical impossibility for the defendant to have been negligent, as is therein charged

4-a.

Many of the cases cited by appellant fairly sustain the following of his propositions: . (1) One may so do a lawful act as to be liable to another for injury thereby caused, because all must use their property in such manner as not to injure others. (2) Whoever makes a walk hazardous is liable to one thereby injured. (3) If a railroad negligently discharges water from its locomotive, and so causes ice to form on a public walk, it is liable to any who are injured by falling on ice so created. His fault lies in assuming for these cases not only a holding that whoever does these things is liable, but that they hold that the evidence which appellant has, proves that to have been done which, under these cases, imposes a liability, if done. *McGoldrick v. New York Cent. & H. R. R. Co.,* 20 N. Y. S. 914, is typical. In that case, it was said emphatically that there was a jury question, where defendant permitted water to flow from its tank to a walk, where it froze and caused plaintiff's injury. This determines that, if there were evidence here that the engine of defendant had sent water upon this walk in freezing weather, plaintiff was entitled to go to the jury. But, of course, the New York decision had no occasion to determine, and does not attempt

to determine, what evidence that water was so cast, is required to make a jury question. It settles merely that, where it is shown or conceded that the machinery of a party thus casts water, it cannot be said, as matter of law, that there is no liability. Other citations are of like ultimate effect. They hold in various ways that one may so handle surface or other water in freezing weather, and other weather too, and so obstruct by ice and other things, as to become liable to those who are injured thereby. All of them declare what liability there is *if* the thing charged be done. They do not pass upon what sends it to the jury whether the thing charged was done. This disposes of *Illinois Cent. R. Co. v. Commonwealth,* 20 Ky. Law Rep. 748; *Maloney v. Hayes,* 206 Mass. 1 (91 N. E. 911); *Benard v. Woonsocket B. Co.,* 23 R. I. 581 (51 Atl. 209); *Hynes v. Brewer* (Mass.), 80 N. E. 503; *Leahan . v. Cochrane* (Mass.), 53 L. R. A. 891; *Isham v. Broderick,* 89 Minn. 397 (95 N. W. 224); 28 Cyc. 1438, 1439; *Davis v. Niagara Falls T. Co.,* 171 N. Y. 336 (57 L. R. A. 545); *McDonald v. Toledo Consol. St. R. Co.* (Ohio), 74 Fed. 104, C. C. A.; *Fletcher v. Rylands,* 1 Eng. Ruling Cases, p. 235; *Brown v. White,* 202 Pa. 297 (58 L. R. A. 321); *Shipley v. Fifty Associates,* 106 Mass. 194, 199.

28 Cyc 1438, 1439, supra, adds that a statute which limits the liability of municipalities to persons injured by snow or ice, does not apply to abutting owners; *Leahan's* case, *Isham's* case and *Hynes'* case, that there can be no prescriptive right to maintain a nuisance created by dealing with surface water and accumulation of snow and ice; the *Hynes* case holds further that it is no defense that some of the ice formed from water coming from a source beyond the control of the defendant. *Brown's* case and *Shipley's* case, supra, add, in effect, that it is no defense that what was done is customary.

Further light is thrown upon the position of appellant by a consideration of what he claims for some other cases cited, to wit, that they are decisive here. Of the cases for

which this sweeping claim is made, that of *Chicago & N. W. R. Co. v. Hoag*, 90 Ill. 339, holds that, where a railway company turns its water from a tank upon the premises of another, where it spreads and freezes and so does damage to the property owner, it cannot escape on the ground that the freezing is an act of nature. *Chicago & A. R. Co. v. Nelson* (Ill.), 38 N. E. 560, rules that, where a boy 10 years old, while standing in a street near a railroad track, waiting for a train to pass by, stepped from the track to avoid the train and thereby fell against a pile of ashes left in the street by the railroad company and slipped under the cars and was killed, there was sufficient evidence of the company's negligence and the boy's exercise of due care to justify submitting these issues to the jury. Appellant declares that *Canfield v. Chicago & N. W. R. Co.* (Mich.), 44 N. W. 385, "is precisely in point"—is a flat holding that a state of the evidence similar to the one at bar makes a case for the jury. The case holds —no more, no less—that, where the testimony shows that defendant had a standpipe, with an arm swinging around to supply locomotives, and this arm was swung so far as to make water fall upon the sidewalk, where it froze and made very slippery ice, and plaintiff, without fault, was injured by falling on that walk, there was a proper case for the jury. Another "case in point" is that of *Thuringer v. New York Cent. & H. R. R. Co.*, 24 N. Y. S. 1087 (31 Idem 419). It decides this: Water from a water column used to supply engines dripped while the column was shut off, and the wind carried it to the sidewalk. The drain which usually carried off the water was allowed to become blocked by ice and snow, and the water allowed to continue to flow upon the sidewalk, "which became icy and dangerous." Plaintiff fell on the ice upon that walk, "which had been allowed to accumulate thereon." There was "a customary formation of ice there to a certain extent." The question submitted was "whether plaintiff was negligent in permitting water to flow upon the sidewalk and freeze so as to render it dangerous for persons

to pass over it." It was left to the jury to say whether defendant was negligent; whether plaintiff's negligence caused or contributed to plaintiff's injury; and held, it was no defense to claim that the city only was liable.

We are further told that, in *Tiborsky v. Chicago, M. & St. P. R. Co.* (Wis.), 102 N. W. 549, "the facts and principles of law involved here are as nearly like the facts and law in the instant case as they could well be." In a strong opinion by Judge Cassoday, it is held that the district court erred in directing a verdict against the plaintiff, and that the Supreme Court of Wisconsin had gone much further than this one is asked to go, "and not further than good law and good sense require." The case was this: A truck owned by defendant railroad was found where the answer of defendant admitted it had been constantly used, and the only question was whether, after using it there, the defendant had left it there. As to a pedestrian who collided with the truck on the sidewalk in front of the depot, it is decided that *res ipsa loquitur* does not apply.

It seems that these "cases in point" do not warrant what is so urgently claimed for them. Surely, the question in this case is, Has plaintiff any evidence that defendant did what it is charged with? Cases which merely decide that it is liable if or where it did these things, have no relevance to that question, since there is no way to exchange citations for testimony. Other citations require even less exhaustive discussion. *Wallemeyer v. Kansas City*, 71 Mo. App. 354, and *Dahlin v. Walsh* (Mass.), 77 N. E. 830, involve whether and when the fact that the ice is due to natural causes operates as an excuse or defense. *Willard v. Town of Newbury*, 22 Vt. 458; Dillon, Municipal Corporations (Ed. 1890), Sec. 1034; *Elliot v. Concord*, 27 N. H. 204; *Gates v. Pennsylvania R. Co.* (Pa.), 16 L. R. A. 554; *Batty v. Town of Duxbury*, 24 Vt. 155; *Schwartz v. Gilmore*, 45 Ill. 455; *Calder v. Smalley*, 66 Iowa 219; *Brown v. White* (Pa.), 51 Atl. 962; *Congreve v. Smith and Morgan*, 18 N. Y. 79, 84; *Landrue v. Lund*

(Minn.), 38 N. W. 699; *Lillstrom v. Northern Pac. R. Co.,*
53 Minn. 464; *McDonald v. Toledo Consol. St. R. Co.,* 74 Fed.,
at 108, 109—hold, in various ways and from various angles,
that liability for creating a nuisance due to accumulation of
snow and ice, or otherwise, cannot be shifted about between
landlord and tenant, the municipality that authorizes the use
of streets and the licensee, and between contractor and sub-
contractor.    28 Cyc. 1439; Dillon, Municipal Corporations.
(Ed. 1890), Sec. 1032; *Cahill v. Eastman,* 18 Minn. 324;
*Hay v. Cohoes Co.,* 2 N. Y. 159; *Shepard v. Creamer* (Mass.),
36 N. E. 475, establish between them the general proposition
that one who creates a nuisance is liable for injury caused
thereby, without inquiry as to whether he was negligent—one
application, the one in the *Shepard* case, being to a case where
a building is put up in such manner and so close to the street
that snow and ice will fall from it to the injury of passers-by.
*Savage v. Chicago, M. & St. P. R. Co.* (Minn.), 18 N. W.
272; *Hill v. Winsor,* 118 Mass. 251; *Weick v. Lander,* 75 Ill.
93, and *Carter v. Sioux City Service Co.,* 160 Iowa 78, deal
with cases where it is manifest that the question of negli-
gence was for a jury, and so hold.   The last named case,
for instance, is that, in a case of injury by collision of a
street car and a train, it was a question for a jury whether
the street car conductor was negligent in signaling his car
to proceed, before he had gone a sufficient distance ahead of
it to reach the track on which the train collided with was
running.    *Hynes v. Brewer* (Mass.), 80 N. E. 503, merely
finds there was evidence that one injured by falling upon an
icy crosswalk was in the exercise of due care, notwithstand-
ing that he was able to see the ice at the place where he was
injured, as well as it could be seen on other walks in that
vicinity.    And *Tibby v. Missouri Pac. R. Co.,* 82 Mo., at 299,
decides that whether the defendant had actual knowledge of
its own usages is not worthy of consideration.

The cases upon which appellant relies do not aid him.

The case is a most serious one for the plaintiff, and we

have given it commensurate consideration. We are clearly satisfied that the trial court had no alternative but to direct a verdict against the plaintiff. Wherefore, the judgment below must be, and is—*Affirmed.*

EVANS, C. J., LADD and GAYNOR, JJ., concur.